BROWARD ESTATES CORPORATION, *Petitioner*, v. THE HON. C. E. CHILINGWORTH, JUDGE OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, AND HON. FRANK A. BRYAN, CLERK OF SAID COURT, *Respondents*.

Division A.

Opinion Filed March 2, 1927.

1. Section 2604, Revised General Statutes, names the offices of a corporation upon the occupants of which in the order named service of process may be made.

2. Section 2609, Revised General Statutes, relating to service of process upon corporations in the absence of officers or agents, applies to causes in equity and must be complied with where relief is sought against a domestic or foreign corporation which has theretofore done business in this State.

3. Section 3111, Revised General Statutes, relating to constructive service of process applies to any suit in equity.

4. Chapter 11364, Acts Extraordinary Session 1925, applies in cases where the complainant, plaintiff or party instituting the proceeding is entitled to an order of publication or notice to appear under the laws of the State.

5. An Appellate Court is not bound by the reason which a Chancellor may give for the decision or conclusion which may be reached by him. If the decree or order is correct for any sufficient reason it will not be reversed.

6. When from an inspection of the record it appears that other grounds exist in addition to those assigned by the Chancellor affording a sufficient reason for denying an order of publication in a cause mandamus will not issue, to compel the making of the order.

A Petition for a writ of mandamus .

Petition denied.

*McCune, Casey, Hiassen & Fleming,* for Petitioner.

ELLIS, C. J.—The petitioner exhibited its bill in chancery for the Fifteenth Judicial Circuit against Bess Jane Beal and her husband and the B. N. O. Realty Corporation for an accounting; the annulment of a contract for the purchase of lands as a cloud on the complainant's title; for a sale of the lands in default of the payment by the defendants of the amount found to be due; for attorney's fees; a deficiency decree if the land should not bring at the

proposed sale the amount to be due and such other writs and orders as might be necessary to effectuate the decree.

The basis of the suit was a contract for the purchase of certain lots by Bess Jane Beal from the complainant, Broward Estates Corporation, under which the purchaser, a married woman, agreed to pay for the same $22,000, of which $1,100 was paid on or before the execution of the agreement and had failed to make the remaining payments, some of which were overdue. F. L. Beal, alleged to be her husband, signed the agreement.

The bill alleges that The B. N. O. Realty Corporation has some interest in the lands based upon an assignment to it by Bess Jane Beal and her husband of the contract.

The equity, if any exists, rests upon a clause in the contract to the effect that if there should be a failure to pay any part or all of the deferred payments or interest the seller might treat the contract as constituting a lien "against the said premises above described, forecloseable at any time in equity."

An affidavit for an order of service by publication was filed which set out that Beal and her husband were non-residents of the State of Florida and the places of their residence were set forth in the affidavit. As to the B. N. O. Realty Corporation it was alleged that it was a Florida Corporation; its place of business Miami, Dade County, Florida; that affiant had made diligent search and effort to ascertain the names and addresses of its officers and agents but had been unable to obtain such information or their places of residence; that it was affiant's belief that there was no person in the State of Florida "the service upon whom would bind said corporation."

The clerk refused to make an order of publication as did the judge because there had been no compliance with Section 2609, Revised General Statutes.

An application was made here for a writ of mandamus to compel the Hon. C. E. Chillingworth, Judge of the Fifteenth Circuit, and Hon. Frank A. Bryan, Clerk, to take jurisdiction of the cause. The Court denied the writ. Counsel have filed a petition for a rehearing. The basis of the petition is that the Court has overlooked the law applicable to the so-called cause.

It is not a ground for a rehearing that a difference of opinion exists between counsel and the Court as to the law applicable to the causes which counsel conceive to exist in their favor. However, the Court did not "overlook" Section 3111, Revised General Statutes, and Chapter 11364, Acts of 1925, nor is counsel correct in the opinion expressed in the petition that Section 2609, Revised General Statutes, does not apply to "suits and proceedings in Chancery," nor did the Court overlook the fact that counsel was under the impression that the cause was a suit in equity.

Assuming, but not deciding, that the "bill of complaint" stated grounds for equity jurisdiction, the situation presented was one in which the defendants named consisted of two natural persons, residents of Dade County, and one artificial person, a corporation of this State, with its principal place of business in Miami, Florida, according to the allegations of the bill. On the date the bill was filed one of the solicitors for complainant made and filed an affidavit that it was his belief that "Bess Jane Beal and her husband F. L. Beal were nonresidents of the State of Florida;" that he had made "diligent search, effort and inquiry to ascertain the exact residence, place of abode or whereabouts of each of said defendants" and then gave their places of residence and addresses as Berkley, California. The name of the affiant appears among those of the law firm whose name is signed to the bill.

The affiant further alleges that it is his belief that the
B. N. O. Realty Corporation maintains no place of busi-
ness in Miami; that he has "made diligent search, effort
and inquiry to ascertain the names and addresses of the
officers and (or) agents" of the Corporation and that he
had not been able to ascertain the names of any of the
"officers and (or) agents of said Corporation nor to ascer-
tain their residences, places of abode and whereabouts."
The allegation is repeated specifically as to the President,
Vice President, Cashier, Treasurer, Secretary and General
Manager, the Directors and "any officer or business
agent" residing in the State of Florida. It is then alleged
that the officers, directors, and agents of the Corporation
are unknown, and their places of abode and whereabouts
are unknown, and that it was affiant's belief that no per-
son "specified in Section 2604 of the 1920 Revised General
Statutes of the State of Florida, within the State of Florida
and affiant further says that it is the belief of affiant that
there is no person in the State of Florida the service (——)
upon whom would bind said corporation."

Section 2604, *supra,* names the offices of a corporation
upon the occupants of which in the order named service of
process may be made. The words "of a subpoena" were
omitted from the last sentence of the affidavit. It is not
contended that it was the duty of the Court to supply them.
It would hardly be a proper inference that an affidavit pre-
pared in all other respects with such meticulous care con-
tained a defect of omission through mistake of the affiant.

The Clerk refused to issue an order of publication on
January 12, 1927. Thereupon, on January 17, 1927, solici-
tors for complainant applied to the Judge by written peti-
tion to issue an order of publication in the form submitted
with the application.

The proposed order was addressed to "BESS JANE

BEAL and F. L. Beal, her husband, whose address is Berkley, California, and The B. N. O. Realty Corporation, a Florida corporation, whose officers or agents are unknown.'' The proposed order of publication stated that the suit ''has for its purpose the foreclosure of the equitable interests of the defendants and each of them in and to the following described land''; then follows a description of the land.

The judge declined to enter the order ''because of noncompliance with Sec. 2609, the Revised General Statutes of Florida, 1920.''

In declining to issue the alternative writ of mandamus we were of the opinion, and still are, that Section 2609, Revised General Statutes, applied to causes in equity; that Section 3111, *supra,* applies to any suit in equity, and that Chapter 11364, Extraordinary Session, 1925, applies in cases, ''where the complainant, plaintiff or party instituting the proceeding is entitled to an order of publication or notice to appear under the laws of this State''; that Section 3111, *supra,* applies where defendant is a ''resident of a State or country other than this State    *    *    *'' ''or that his residence is unknown, or that, if a resident, he has been absent more than sixty days next preceding the application for the order of publication, and that there is no person in the State the service of a subpoena upon whom would bind such defendant, or that he conceals himself so that the process cannot be served upon him.''

Now, the bill and affidavit both allege that The B. N. O. Realty Company is a Florida corporation and that its principal place of business is in the City of Miami. The corporation's residence, therefore, is Florida. It is a domestic and not a foreign corporation. Section 3111, *supra,* does not provide for publication of service against domestic corporations where their officers cannot be found or are un-

known. The fact is, its officers are not unknown if the corporation is a domestic one, because their names are on file in the offices of the State or county where the charter is required to be filed and copies recorded.

Section 2609, *supra,* applies to causes in equity and must be complied with where relief is sought against a domestic corporation or a foreign one which has heretofore done business in this State.

This Court is not bound by the reason which a Chancellor may give for his decision. If the decision, decree or order is correct for any sufficient reason it will not be reversed.

There existed many grounds which the Court may have given for refusal to issue the order. The incompleteness of the affidavit affords several grounds. The Court may have considered that the cause was not one of equity jurisdiction. His judgment in that regard could not very well be controlled by mandamus.

The petition for rehearing is denied.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.