CHARLES CARROLL, Judge.
This is an action for damages for personal injuries, following a collision between an automobile and a motorcycle. Trial of the cause without a jury resulted in a judgment in favor of the plaintiff for $8,500, from which the defendant appealed.
The incident occurred in Coral Gables, at the intersection of Granada Boulevard and Anastasia Avenue, which normally was controlled by stop signs on Anastasia Avenue, running east and west. However, in a hurricane that occurred the day before, the stop sign on the west side of the intersection was blown from its supporting metal post. The evidence was in conflict as to whether the stop sign on the east side of the intersection also had been dislodged by the hurricane.
The defendant first went through the intersection from the east, proceeding to the nearby veterans’ hospital. The collision occurred later, when he returned and proceeded into the intersection from the west side. Some distance west of the intersection there was a sign on Anastasia Avenue warning drivers who were proceeding east that a stop sign was ahead. Also, near the *487 intersection, a white line 22 inches in width was painted across the half of Anastasia Avenue traveled by traffic going east.
The plaintiff, a police officer riding a motorcycle, was proceeding south on Granada Boulevard. He approached the intersection from the defendant’s left. Their view of each other was partially obstructed by shrubbery at the corner. On approaching the intersection the defendant slowed down somewhat, and then proceeded into the intersection. The plaintiff, who was proceeding at 25 to 30 miles per hour, did not slacken his speed before entering the intersection.
On those facts the trial judge determined the defendant was guilty of negligence and that the plaintiff was free of contributory negligence. The appellant contends the judgment was not supported by and was contrary to the evidence. On consideration of the record we conclude that the judgment was amply supported by the evidence.
The appellant argues that the judgment should be reversed because the record shows that the trial judge proceeded on the erroneous theory that by slowing up before proceeding into the “then unmarked” intersection the defendant waived the right of way to which he was entitled as one approaching from the right. While we may agree with the appellant that the driver of an automobile which is involved in a collision with another vehicle in an unmarked street intersection should not be deprived of a rule of the road in his favor simply because he reduced his lawful speed before entering the intersection, nevertheless the decision of the trial judge in favor of the plaintiff on the issues of negligence and contributory negligence should not be reversed for such reason where, as here, his decision on those issues is otherwise supported by the evidence. Broward Estates Corporation v. Chillingworth, 93 Fla. 366, 112 So. 64, 66; State Plant Board v. Smith, Fla.1959, 110 So.2d 401, 405; Escarra v. Winn Dixie Stores, Inc., Fla.1961, 131 So.2d 483, 485.
Neither driver was in a position to claim he entered the intersection ahead of the other so as to pre-empt it. At best the defendant was required to have regarded the intersection as one which was unmarked. The plaintiff police officer was proceeding to a location to which he had been called or directed, and the trial court was entitled to find he was justified in his assumption that traffic was controlled by a stop sign on Anastasia Avenue. The plaintiff stated he saw the defendant’s vehicle approaching from his right when 100 feet distant, and expected it would stop.
Alternatively, the evidence disclosed facts sufficient to have apprised the defendant that the street on which he was traveling was a stop street, and therefore sufficient to justify the trial court in finding the defendant was negligent in approaching and entering the intersection without yielding to traffic on the through street.
Affirmed.