Cook *v.* Farren.

## COOK *vs.* FARREN.

The statutory proceedings for acquiring jurisdiction of absent defendants must be strictly complied with, in order to give the court jurisdiction.

The jurisdiction is strictly statutory, and can only be acquired in the mode prescribed by the statute.

Where an infant defendant, at the time of the commencement of an action for partition, resided in the state of California, and an order for the service of the summons upon her, by publishing the same, was granted, upon an affidavit which did not show that the residence of the infant was unknown to the plaintiff, and could not with reasonable diligence be ascertained; *it was held* that the infant defendant was not properly served with process, so as to give a good title to a purchaser at a sale under the judgment or decree of partition.

APPEAL from an order of Judge INGRAHAM, denying a motion that a purchaser complete a purchase and sale in partition.

*Mr. Arnoux,* for the appellant.

*Mr. Parsons,* for the respondent.

*By the Court,* ALLEN, J. The objection to the title is that one of the infant heirs at law of the former owner and a tenant in common of the premises sold was not properly served with process. At the time of the commencement of the action she resided in California, and was, and still is, an infant under the age of twenty-one years. An order for the

service of the summons upon her by publishing the same was made by Judge Roosevelt, upon the affidavit of the plaintiff, an aunt of the infant defendant.   The order did not direct a deposit of the summons and complaint in the post office, di-, rected to the defendant at her place of residence.   The affidavit did not show, nor did it appear in any way, that the residence of the infant was unknown to the plaintiff and could not with reasonable diligence be ascertained by her.   (*Code,* § 135.)   The only statement in the affidavit bearing upon the question is, " that George Demphill and Josephine Demphill (the infant) reside in the state of California, but their present place of residence therein deponent is unable to state." Implying that she had known where they had resided, at one time, without its appearing that they had removed at all from such place of residence.   The affidavit is entirely consistent with the fact that they had resided, within the knowledge of.the deponent, at Benicia or any other given place, and still resided there, the individual making the affidavit having no reason to suppose or believe that they had removed, but excusing herself for denying present knowledge of their residence by reason of that personal knowledge which is the result of an actual and recent visit to their domicil.   But conceding that the affidavit was honestly made, and the plaintiff had no knowledge or belief as to the place of residence of the absentees, the statute was not complied with, for the want of evidence that their residence could not be ascertained " with reasonable diligence."   It is palpable that slight diligence only would have been necessary to ascertain where they resided.   But the statutory proceedings for acquiring jurisdiction of absent defendants must be strictly complied with to give the court jurisdiction.   The jurisdiction is strictly statutory, and can only be acquired in the mode prescribed by the statute. (*Hallett* v. *Righters,* 13 *How.* 43.   *Brisbane* v. *Peabody,* 3 *id.* 109.   *Kendall* v. *Washburn,* 14 *id.* 380.)   Even admission of the service of process out of the state is ineffectual to give the court juris-

diction *in personam.* (*Litchfield* v. *Burwell,* 5 *How.* 341. *And see Evertson* v. *Thomas, Id.* 45.) As the infant could not convey her estate, she cannot by any consent confer jurisdiction upon the court, or rectify or affirm the order of sale. Her power of attorney to Mr. Lamson is a nullity.

The order made at special term must be affirmed, with costs.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Allen,* Justices.]