Robinson, J. [After stating facts.]
The name of Sheil, as contained in the foreclosure proceeding, is different from Shields, the name of the devisee and husband, but if the true parties were those that were served, an amendment might be made in this respect; but until so amended the objection must prevail for such variance.
*84 Assuming that this error is the subject of amendment, the title which the purchaser on the foreclosure sale is required to accept, depends on that which was possessed by Lawrence Shields and wife, under the devise to the latter in the will of her uncle.
The purchaser at a judicial sale is entitled to a satisfactory record title.
When derived through or under a will of real estate, he can claim that it should at least have been dnly es-‘ tablished as a will of real estate, by the decree of a court of competent jurisdiction which will afford him at least prima facie evidence of its validity, enabling him to maintain his title.
A will of real estate, if duly proved before a surrogate having competent jurisdiction, at most constitutes such prima facie evidence, liable to be repelled by contrary proof (1 Rev. Stat., 58, § 15 ; Staring v. Bowen, 6 Barb., 109; Nichols v. Romaine, 3 Abb. Pr., 124); and until the proofs and examinations taken by the surrogate shall be recorded, the record signed and certified by him, and his certificate under seal indorsed on the will, it does not become evidence (Vanderpool v. Van Nallenby, 6 N. Y. [6 Seld.], 198). Until such record is made of the proofs and will, the purchaser is in no condition to entertain any reliance on his title. In this case there has been no such record made of the proof and establishment of the will, but it simply appears that the surrogate, after taking such proofs of' its execution as were offered, indorsed on the papers the words and figures “Admitted September 12,1872.”
His authority to act was, however, dependent upon his having acquired jurisdiction of the heirs at law of the testator whose title by inheritance was cutoff by the will.
I can discover upon the papers presented no defect in this respect, except as to Philip McOaffry and James Fay. The only evidence upon which the surrogate ap *85 pears to have acted as against them was that contained, in Lucy Shield’s petition and upon proof of publication in the State paper for six weeks previous to the day appointed for taking the proof (3 Rev. Stat., 5 ed., 146, § 53, subd. 3), and there was an entire absence of any proof that they did not reside within this State or that any efforts had been made to ascertain the places of their residences, or that they “could not be ascertained the petition merely showed their residences were “ unknown.” Upon such absence of proof of the facts required by the statute to authorize the surrogate to act as against them, the proceedings had for proof of the will were void as against them for want of jurisdiction. The statutes conferring jurisdiction are to be strictly construed (Cook v. Farren, 34 Barb., 95; Wortmann v. Wortman, 17 Abb. Pr., 66; Hyatt v. Waywright, 18 How. Pr., 248 ; 1 Wait Pr., 530, and cases cited).*
I do not consider it necessary to examine other objections made by the purchaser, as under these considerations, he is entitled to be discharged from his purchase and to have the moneys paid thereon, and his expenses of examining the title, refunded.
Motion denied, with ten dollars costs of this motion.

 Compare Farley v. McConnell, 52 N. Y., 630.