MOTION FOR ORDER OF PUBLICATION UNDER SECTION 88, CODE OF CIVIL PROCEDURE.

WHALEY
    v.
CARTER.

The affidavit does not meet the requirements of the law. A proper one must show that the "person" sought to be made defendant, "cannot, after due diligence, be found within the Territory," and that his "residence is neither known to the affiant, nor can with *reasonable* diligence be ascertained by him."

I repeat, the law demands such *exact words* and *an oath to the truth of them*.    Otherwise I have no power to order publication.    The law is simple and plain, and must be followed. Apart from this, our rule of court also requires a statement of the particular facts tending to show what "*due* and reasonable *diligence*" has been used.    For, swearing to a conclusion of law, is not sufficient.    The "fact," or "facts," claimed as showing such "diligence," must "appear by affidavit to the satisfaction of the court or a judge thereof."

The affidavit states that the party has property in the Territory, as the affiant "is informed and believes."    The averment of property must be *positive*, and not on information and belief.

By the affidavit it must " appear that such residence is *not known.*" This one avers that his residence is in Iowa; and if there, why not employ *reasonable* diligence to ascertain the particular locality ? It is a State contiguous to us, and the complainant with a little *earnest* exertion can doubtless find out his exact whereabouts. In New York, an affidavit which states that the defendant resides in another State, but that deponent is unable to state his present place of residence therein, is not sufficient; it should show that the residence of the defendant is unknown to deponent, and cannot, with reasonable diligence, be ascertained.

The provisions of the Code in relation to " service by publication " must be strictly complied with, in order to confer jurisdiction; and the *second* must show that the requirements of the statute have been followed. Moreover, there must be full compliance with the 4th, 21st, 24th and 25th rules of this court, as to all matters submitted within them. Application refused.                                  P. C. Shannon,
                                                        Judge.