## JACOB v. ROBERTS.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 169. Argued January 25, 1912.—Decided February 19, 1912.

While an essential element of due process of law is opportunity to be heard, a necessary condition of which is notice, *Simon* v. *Craft*, 182 U. S. 427, personal notice is not always necessary. *Ballard* v. *Hunter*, 204 U. S. 241.

In this case, *held*, that the proceedings for service by publication show sufficient inquiry was made to ascertain the whereabouts of the persons to be served and who were served by publication under provisions of § 412 of the Code of Civil Procedure of California, and that due process of law was not denied by service in that manner.

154 California, 307, affirmed.

THE facts, which involve the question of whether due process of law was afforded by substituted service of process under the statutes of California, are stated in the opinion.

*Mr. Sam Ferry Smith*, for plaintiffs in error:

The judgment was rendered in a proceeding, and constituted a proceeding, wherein the only service of process made, or attempted to be made, was substituted or constructive. Such service did not give reasonable and ade-

quate opportunity of being heard therein, prior to the rendition of such judgment. It therefore did not constitute due process of law, and such proceedings were in violation of the constitutional right guaranteed by Fourteenth Amendment. "Due process of law," as the meaning of these words has been developed in American decisions, implies the administration of law according to established rules, not violative of the fundamental principles of private right, by a competent tribunal having jurisdiction of the case and proceeding upon notice and hearing. *Arndt* v. *Griggs,* 134 U. S. 321; *Belcher* v. *Chambers,* 53 California, 635; *Braly* v. *Seaman,* 30 California, 611; *Burton* v. *Platter,* 53 Fed. Rep. 903; *Cooper* v. *Newell,* 173 U. S. 555; *De La Montanya* v. *De La Montanya,* 112 California, 109; *Galpin* v. *Page,* 18 Wall. 350, 368; *Hagar* v. *Reclamation District,* 111 U. S. 708; *Happy* v. *Mosher,* 48 N. Y. 317; *Hahn* v. *Kelly,* 34 California, 407; *Hart* v. *Sansom,* 110 U. S. 151; *Holden* v. *Hardy,* 169 U. S. 389; *Hooker* v. *Los Angeles,* 188 U. S. 314, 318; *Mallett* v. *State,* 181 U. S. 589; *Marx* v. *Ebner,* 180 U. S. 314; *Neff* v. *Pennoyer,* 17 Fed. Rep. 1279; *Pennoyer* v. *Neff,* 95 U. S. 737; *Roberts* v. *Jacobs,* 154 California, 307; *Roller* v. *Holly,* 176 U. S. 402; *Ricketson* v. *Richardson,* 26 California, 149; *Rue* v. *Quinn,* 137 California, 651; *Scott* v. *McNeal,* 154 U. S. 34; *Shepherd* v. *Ware,* 48 N. W. Rep. 774; *State* v. *Guilbert,* 47 N. E. Rep. 557; *Simon* v. *Craft,* 182 U. S. 436; *Thompson* v. *Circuit Judge,* 54 Michigan, 237; *Wilson* v. *Standefer,* 184 U. S. 399, 415; *Johnson* v. *Hunter,* 147 Fed. Rep. 133; *Howard* v. *De Cordovia,* 177 U. S. 609; *Flint* v. *Coffin,* 176 Fed. Rep. 877; *Wheeler* v. *Cobb,* 75 N. Car. 22; *Romig* v. *Gillett,* 187 U. S. 111, 117; *Stillman* v. *Rosenberg,* 78 N. W. Rep. 913; *Grigsby* v. *Wopschall,* 127 N. W. Rep. (S. Dak.) 605; *Cochran* v. *Markley,* 87 N. W. Rep. 2.

*Mr. William J. Mossholder,* with whom *Mr. Samuel Herrick* was on the brief, for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The question involved is whether a judgment quieting title to a piece of land in California against plaintiffs in error upon substituted process of the publication of the summons under the statutes of that State constitutes due process of law under the Fourteenth Amendment to the Constitution of the United States.

The judgment was rendered in 1897, and eight years afterwards the entry of judgment was set aside by the trial court upon petition of plaintiffs in error on the ground that the facts set out in the affidavit for the order of publication did not show the due diligence required by section 412 of the Code of Civil Procedure of the State. The order was reversed by the Supreme Court of the State. 154 California 307.

The action against plaintiffs in error was brought by defendant in error in the Superior Court in the County of San Diego, State of California, by verified complaint on March 25, 1897, upon which summons was issued and returned not served because defendants in the action (plaintiffs in error) could not be found. An amended complaint was filed April 3, 1897. It described the land as lots in the city of San Diego, of which it alleged that the plaintiffs, defendants in error here, were then and had been for a long time in possession, claiming title in fee. It also contained the usual allegations that the defendants, and each of them, claimed some estate or interest in the land, and that it was entirely without any right whatever. It was prayed that the defendants be required to set forth the nature of their or his claim, that it be determined by the decree of the court, and that they and each of them be forever enjoined from asserting any claim in and to the lands adverse to the plaintiffs. General relief was prayed.

Summons was issued and the sheriff's certificate of re-

turn recited that "after diligent search and inquiry," he
was unable to find the "defendants or either or any of
them in this San Diego County."

An affidavit for publication of summons was then pre-
sented to the court and filed.  It recited the proceedings,
including the issue of the summons and its return by the
sheriff, as we have stated, and further set forth the fol-
lowing, among other matters:

"That the cause of action is fully set forth in his verified
complaint on file herein; that said defendants, or either
or any of them, after due diligence, cannot be found
within this State, and this affiant, in support thereof,
states the following facts and circumstances:

"That affiant, for the purpose of finding said defend-
ants and ascertain their place of residence, has made due
and diligent inquiry of the old residents of the City of
San Diego, the former neighbors of said defendants,
and is informed by D. Choate, who has lived in the City
of San Diego over twenty-five years, that he thinks the
defendants are not within the State of California, and
he does not know of their residence and has not heard
anything of them, or either of them or of their residence
or post-office address, for more than twenty years, and
this affiant is informed by George W. Hazzard, who has
lived in San Diego for over twenty-five years, that he
has no knowledge as to the whereabouts of the said de-
fendants, or either of them.  Plaintiff also made inquiry
of Ed. Dougherty, who is an old resident of San Diego,
and said Ed. Dougherty informed plaintiff that he did
not know the address or residence or where the defendants,
or either of them, could be found, and did not believe
that they were in the State."

The affidavit also stated that inquiry was made of
certain county and city officers and that they all—
"stated to affiant that they did not know the residence
of the defendants, or either of them, their post-office

address or where they could be found; and none of the above-named parties had heard of the post-office address or residence of the defendants, or either of them, since they have resided in the said city of San Diego.

"The affiant has made other diligent inquiry to find said defendants, or either or any of them, and has not been able to find them or any of them within—. The affiant has no knowledge of the residence or post-office address of the defendants or either of them or where the defendants, or either of them, could be found. This affiant, therefore, says that personal service of said summons cannot be made on the defendants—Thomas E. Jacob, Thomas Hobson, Edward Hobson, Jacob Hobson and Frank Hobson, or either or any of them."

An order of publication was duly made, and the summons duly published in accordance therewith. Judgment by default was subsequently duly entered.

The assignments of error all express the contention that the trial court was without jurisdiction to render the judgment against plaintiffs in error, and that hence their property has been taken without due process of law.

Undoubtedly, as contended by plaintiffs in error, the essential element of due process of law is an opportunity to be heard, and a necessary condition of such opportunity is notice. *Simon* v. *Craft*, 182 U. S. 427. But personal notice is not in all cases necessary. There may be, and necessarily must be, some form of constructive service. *Ballard* v. *Hunter*, 204 U. S. 241. Upon this, however, we do not enlarge, as we do not understand plaintiffs in error contest it. They recognize that substituted service of judicial process may be authorized, but they contend that it can only be authorized when "it is impossible or impracticable to obtain actual service, and when so authorized the substituted service provided for in the statute must be of such character that it will be *reasonably probable* that the party whose property is placed in jeop-

ardy will be apprised of the pendency of the action and will be afforded a *reasonable opportunity* to appear therein and make his defenses." (The italics are ours.) We do not understand that plaintiffs in error attack the kind or time of publication as not giving a reasonable probability of notice or opportunity to be heard, but attack the showing upon which it was made; in other words, that the showing was not sufficient to authorize the publication of notice, the showing not being legally sufficient to justify a resort to that form of notice. It is true plaintiffs in error say that "the designation of the newspaper and the length of time of publication must necessarily depend upon the residence of the defendant, or at least his probable whereabouts, unless it is disclosed by the affidavit that plaintiff has no knowledge on the subject, and that he has exercised due diligence to inform himself." These quotations from the argument of plaintiffs in error we make as exhibiting the elements of their contentions.

We make no reference to the statute of the State, as that as written is not attacked except, it may be, as it is applied by the Supreme Court of the State in this and prior decisions. We say "prior decisions" because the court puts its ruling explicitly on one of its prior decisions and rejects the contention that it had overruled other decisions.

We now turn to what the papers in the case exhibit and what they explicitly or impliedly establish. The property involved was lots in the city of San Diego, of which the plaintiffs in the action, defendants in error here, were in possession at the time of commencing the action, and had been for a long time. The fact has some force. San Diego was of size and importance enough to make it worth while for those having interest in property to assert it. Plaintiffs in error, however, permitted defendants in error to be in possession of property which they now say was and is theirs. Why, they do not explain, nor

.where they were. They rest upon the face of the papers, and they having that right we will consider the sufficiency of the papers under the statute.

We have set out the affidavit. It shows inquiry of the whereabouts of plaintiffs in error of their former neighbors and other residents of San Diego. One of them replied that he had not heard of them, of their residence or post-office address, for over twenty-five years. Another also had not heard from them and did not believe they were in the State. Inquiry was also made of nineteen county officers and three state officers, sheriffs, county clerks; tax collectors, county and state; assessors, county and state, and of the postmasters of the State. Neighbors, residents and officers who, in the intercourse and business of life would almost necessarily come in contact with plaintiffs in error or hear from them, had no knowledge of them. It may, however, be said, and indeed is said, that other parts of the State were not searched, and that this was necessary, as the process of the court could run to every county in the State. The requirement is extreme and we are cited to no cases in which it is decided to be necessary. The affidavit shows besides that defendant in error made diligent inquiry to find plaintiffs in error and had no knowledge of their residence or post-office address or of either of them or where they or either of them could be found.

We think plaintiffs in error were afforded due process.

*Judgment affirmed.*