Eduardo Danis Navarro et al., Petitioners and Appellants, *v.* Municipal Court of San Juan, Second Section, Respondent and Appellee; Comunidad Religiosa Católica Reverendas Madres Carmelitas, Intervener and Appellee.

No. 8123. Argued December 4, 1940.—Decided December 23, 1940.

*Dubón & Ochoteco* for appellants. *José Benet* for intervener, plaintiff in the main action.

Mr. Justice De Jesús delivered the opinion of the court.

The Municipal Court of San Juan, Second Section, rendered a judgment by default against the petitioners herein in a personal action to recover the income of an annuity *(censo)*. After the notice of the judgment had been served by publication *(edictos)*, the petitioners entered a special appearance and without submitting to the jurisdiction of the municipal court, moved the latter to set aside the judgment rendered against them, because the affidavit which had been presented by the plaintiff in order to obtain the order for

service of process by publication was insufficient and because the attachment levied, which was necessary in order to confer jurisdiction upon said court, was also void, as the original complaint did not state facts sufficient to constitute a cause of action.

Upon the motion of the defendants now petitioners, being denied, they applied to the District Court of San Juan for a writ of certiorari which after being issued was discharged. The present appeal has been taken from the decision of the district court discharging the writ of certiorari.

Section 94 of the Code of Civil Procedure in its pertinent part provides as follows:

"Section 94.—When the person on whom the service is to be made resides out of the said Island, or has departed from said Island, or cannot, *after due diligence,* be found within said Island, or conceals himself to avoid the service of summons, when he is without any known residence . . . and the fact appears by affidavit *to the satisfaction of the court or a judge thereof,* and it also appears by such affidavit, or by the verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order that the service be made by the publication of the summons." (Italics ours.)

The said section has been construed by this court in the cases of *Goldsmith* v. *Villari,* 27 P.R.R. 726, and *Miranda* v. *Heirs of Alicea,* 52 P.R.R. 247, cited by the petitioners. In the first of these cases it was held that the affidavit to which section 94 refers must set forth facts and not conclusions, and in the second, it was again held that before service of process by publication can be ordered, strict compliance with the provisions of the said section is necessary, and that the affidavit presented to that effect must set forth facts sufficient to satisfy the court of its jurisdiction to order the service by publication, a general expression of opinion or belief that such facts exist being insufficient.

■ Does the affidavit presented by the plaintiffs to the judge of the municipal court contain the jurisdictional facts required in order that he might issue the order for service by publication? The affidavit is a short one and for a better understanding of the questions to be discussed, we transcribe it below:

"Island of Puerto Rico ⎱ ss.
"City of San Juan, P. R. ⎰

"I, José Benet, being duly sworn depose as follows:

"That I am the attorney for the plaintiff in this case and that the complaint was filed in this court on December 29, 1938.

"That after the summons had been issued, the same was returned by the marshal of this district court without it having been possible to serve the defendants personally for the reasons stated in his return, that is, that he has not been able to find them.

"*That the defendants, upon information and belief of the affiant, in previous years had their residence in Santander, Spain, and through investigation made by the affiant in the City of San Juan, we have learned that said defendants have no relatives in this Island and their present whereabouts is unknown.*

"That this motion is verified by the attorney for the plaintiff because this plaintiff is a cloistered religious community whose canonical rules do now allow them to leave the confines of their convent, and they have been unable to become acquainted with the alleged particulars, and further because the affiant is more familiar with these facts than the plaintiff; that the affiant believes in good faith and asserts that the plaintiff has a good and meritorious cause of action against said defendants, and because said defendants are proper and necessary parties to this action. (Sgd.) José Benet, Attorney for the plaintiff.

"Subscribed and sworn to before me by José Benet, Esq., of legal age, married, an attorney at law and resident of the Municipality of San Juan, whom I personally know at San Juan, P. R., this 14th day of March, 1939. (Sgd.) T. Rovira, Clerk." (Italics ours.)

■ The fact that according to the information and belief of the affiant the defendants in previous years had their residence in Santander, Spain, does not tend to show that at the time of the making of the affidavit they did not reside

in Puerto Rico. Nor does the fact that the defendants have no relatives in this Island throw any light, unless it be to justify the failure to make an investigation among said relatives in order to ascertain the whereabouts of the former.

██ It is not sufficient, either, to state that the present whereabouts of the defendants is unknown, for, as we have seen, the law requires that due diligence must be exercised in order that as a result thereof the judge may be satisfied of the existence of the facts justifying the order for publication. In the case of *Goldsmith* v. *Villari, supra,* the affidavit filed for the issuance of the order for service of process by publication, in referring to the whereabouts recited "that the defendant is not within the limits of the jurisdiction of this court and according to the best information of the plaintiff, has left Puerto Rico." As may be seen, that statement is substantially identical with the one set forth in the affidavit herein, and in the said case of *Goldsmith* this court set aside the default judgment on the ground that the affidavit contained no facts but mere conclusions, which it deemed to be contrary to law and the decisions. It is true that the complaint in the *Goldsmith* case was not verified; and this circumstance may supply the omission in the affidavit to state the necessary facts enabling the judge to ascertain for himself that the plaintiffs have a good cause of action; but it does not by any means cure the defect of the affidavit as to the whereabouts of the defendants for nothing is said in the complaint regarding this particular.

In the case at bar the affiant should have stated what the investigations which he claimed to have made in order to ascertain the whereabouts of the defendants consisted of. From the record it appears that the defendants had an attorney in fact in the city of San Juan, a circumstance which was not unknown to the plaintiff who attempted to serve the summons on the defendants through said attorney in fact, although its counsel stated that he knew that such service would have no legal effect whatever. Why did he not inquire

from that attorney in fact as to the whereabouts of the defendants? Probably no one would have been in a better position than he to know the whereabouts of his principals. If the defendants had no relatives in Puerto Rico, as stated in the affidavit, why did he not make inquiries through their friends or connections? This kind of facts should appear in the affidavit in order to enable the judge to determine for himself whether really due diligence was exercised to ascertain the whereabouts of the defendants, for it is not to the satisfaction of the plaintiff, but to the satisfaction of the judge who is to make the order, that the jurisdictional facts required to issue the same should be proved.

If the plaintiff in its affidavit had positively declared that the defendants resided in a particular place outside of Puerto Rico, then it would not have been necessary to state the steps taken to find them in Puerto Rico, for the law, resting as it does on sound principle of logic, does not require futile things, and it would have been useless to try to locate them in Puerto Rico when it was positively known that they were outside of this jurisdiction. In the case at bar, as we have seen, the affidavit fails to state positively that the defendants resided outside of this Island at the time of the making of the affidavit.

For a more detailed study of this subject see the monograph in 37 L. R. A. (N.S.) 206, and cases cited therein; *Jacob* v. *Roberts*, 223 U.S. 261, construing a California statute similar to ours; and 21 R. C. L. 1294, 1925.

In view of the conclusion we have reached regarding the insufficiency of the affidavit to confer on the municipal judge jurisdiction to issue the order for service of process by publication, it is not necessary for us to go into a consideration of the validity of the attachment.

For the reasons stated the appeal must be sustained and the order of the district court appealed from reversed, and consequently we must render the order which the district

court should have rendered, setting aside for want of jurisdiction over the persons of the defendants the default judgment entered on June 29, 1939, by the Municipal Court of San Juan (Second Section) in the action brought by the Comunidad Religiosa Católica de Reverendas Madres Carmelitas Calzadas, Inc., of San Juan, Puerto Rico, against Eduardo y Juan Danis Navarro, Civil Case No. 3239, of said court, to recover the income of a *censo*.