BOYER, Acting Chief Judge.
We here consider the validity of a 1968 divorce obtained by the deceased, Robert A. Bourquin, from appellee Helen F. Bour-quin, plaintiff below. Robert and Helen Bourquin were married on January 13, 1964. At the time of the marriage, Mr. Bourquin had extensive property and business interests in Florida and Ohio, while appellee owned only a small amount of furniture and otherwise made no financial contribution to the acquisition of any of the properties owned or acquired by her husband. After two years of marriage, a divorce action was filed which was subsequently dismissed in October of 1965 when the parties reconciled. The Bourquins planned to go to Indiana, pick up the ap-pellee’s son, and then move West. Soon after the couple reached Indiana, however, the deceased again became disenchanted with his spouse and left. He apparently came to Florida where he picked up appellant, Norine Johnson, defendant below, who accompanied Mr. Bourquin to New Mexico and California in an attempt to find new business investments. Failing to find suitable investments in California, the deceased and Ms. Johnson returned to Florida, ultimately settling in Clearwater.
Upon filing his complaint for divorce in Bay County in April, 1968, the deceased filed an affidavit stating that he had made diligent search and inquiry to determine his wife’s last known residence and address, and that based upon that search, the last known residence and address was 1113 Laubscher Road, Evansville, Indiana. The evidence reveals that such address was in fact the last residence Mr. Bourquin had knowledge of and is where Helen Bour-quin lived until June 15, 1966. Although appellee had filed a proper change of address form with the Post Office, the complaint and notice to defend mailed by the *311 Clerk of the Circuit Court, Bay County, was not forwarded to her at her new address but was returned to the Clerk’s office marked “Address Unknown”. Notwithstanding that the record discloses that the deceased did not contact several individuals who could have informed him of the appellee’s whereabouts, the record also reveals that he did attempt to locate the appellee’s brother in Orlando, her father, and her daughter in his efforts to discover the appellee’s current address. He even asked a married couple to look for appellee in the Sarasota-Bradenton area after hearing that the appellee might be in that part of Florida. The attempt to locate the ap-pellee was without success. After considering Mr. Bourquin’s sworn statement that he had made diligent search and inquiry to locate the appellee and after hearing the testimony of Mr. Bourquin and Ms. Johnson, the Circuit Court of Bay County entered a final decree of divorce on June S, 1968. Approximately one year later, on March 29, 1969, Mr. Bourquin and Norine Johnson (now known as Norine Bourquin, one of the appellants) were married in Georgia. After two years of marriage, Mr. Bourquin died on June 20, 1971. His will named Norine Bourquin as his sole devisee and legatee.
Appellee then filed a complaint against appellant First National Bank of Clear-water, as the executor of the deceased’s estate, and against Norine Bourquin, to have the final judgment of divorce entered by the Circuit Court of Bay County declared null and void and to have a judicial declaration that the appellee was the lawful surviving spouse of the deceased. Following extensive discovery and a final hearing, the trial court entered its final judgment, finding that, in contrast to the decedent’s sworn statement, he, Mr. Bourquin, had failed to make diligent search and inquiry to discover the residence of appellee Helen F. Bourquin. The final judgment declared the prior final judgment of divorce null and void ab initio, and Helen F. Bourquin, appellee, the lawful surviving spouse of Robert A. Bourquin, deceased.
The facts sub judice are remarkably similar to those in Grammer v. Grammer, Sup.Ct.Fla.1955, 80 So.2d 457, wherein our Supreme Court, quoting at length from McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731, said:
“ ‘The test, however, is not whether it was in fact possible to effect personal service in a given case, but whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.
‡ % ;{c ‡
“ ‘Extraordinary steps to ascertain the whereabouts of the party are not required. * * * Reasonable diligence in such matters is an honest effort, and one appropriate to the circumstances, to ascertain whether actual notice may be given, and, if so, to give it. Such effort, however, need not embrace a search in remote parts of the state (Jacob v. Roberts, 223 U.S. 261, 32 S.Ct. 303, 56 L.Ed. 429); and it is not essential that all possible or conceivable means should be used. But the effort should usually extend to inquiry of persons likely or presumed to know the facts sought.’ ” (80 So.2d at pages 460 and 461)
The Court in the Grammer decision further said:
“The burden was on the plaintiffs in the court below, the appellees here, to establish the charges of fraud made against William in the procurement of the divorce by clear and convincing evidence, * * * especially ‘where the party charged with the fraud is dead.’ * * * This is particularly true where the inquiry was made and evidence taken in the question of a diligent search in the proceedings for divorce and where *312 the court in that case passed upon said evidence and entered its decree based thereon. It is clear that the plaintiffs failed to carry this burden. Moreover, we think the record viewed as a whole shows not only that the husband acted in good faith in the proceedings but also that in the matter of diligent search and inquiry what was done by the husband and his attorney was more than sufficient to establish compliance with the mini-num requirements of the law in that connection.” (80 So.2d at page 461)
The record in the case sub judice clearly demonstrates that the deceased made an honest effort to locate the appellee. As above recited, he made futile attempts to contact the appellee’s father, brother, and daughter. Although there were others who would have been able to provide him with the appellee’s current address, the deceased was not required to take “extraordinary steps.” He was under no obligation to hire a Columbo, a Cannon, or any of the other current screen super-sleuths in a painstaking search of every village and hamlet in the State and nation. All that is required is reasonable diligence which is “an honest effort, and one appropriate in the circumstances.” That standard was met by the decedent, Robert Bourquin.
As did the plaintiff in the Grammer case, appellee here alleges fraud on the part of the deceased. However, that allegation is refuted by the fact that the deceased gave the last known address for the appellee. In fact, had the U.S. Post Office done what it was supposed to do and forwarded appellee’s mail to her, this case would not now be before us. If Mr. Bour-quin had intended to be fraudulent, he certainly would have given a false address for the appellee rather than an accurate one. We, therefore, conclude that the trial court erred in entering the final judgment here appealed.
Reversed.
McCORD and MILLS, JJ., concur.