S. H. BULLOCK, AS RECEIVER OF THE STATE BANK OF KISSIMMEE, KISSIMMEE, FLORIDA, *Appellant,* v. S. P. BAILEY, *Appellee.*

Division B.

Opinion Filed December 6, 1927.

*G. P. Garrett,* Counsel for Appellant;

*Newell & Boyer,* Counsel for Appellee.

WHITFIELD, P. J.—In a suit to require a vendee to comply with his contract to purchase land, the defense set up defects in vendor's title predicated upon insufficient constructive service of process in foreclosure proceedings affecting the chain of title. The bill of complaint was dismissed on final hearing and complainant appealed.

The statute is as follows: Section 3111, Revised General Statutes, 1920. Constructive Service.—1. Obtaining Order for Publication.—Whenever the complainant, his agent or attorney, shall state in a sworn bill or affidavit, duly filed the belief of the affiant that the defendant is a resident of a state or country other than this State, specifying as particularly as may be known to affiant such residence, or that his residence is unknown, or that, if a resident, he has been absent more than sixty days next preceding the application for the order of publication, and that there is no person in the State the service of a subpoena upon whom would bind such defendant, or that he conceals himself so that the process cannot be served upon him, and further states the belief of the affiant as to the age of the defendant being over or under 21 years, or that his age is unknown, the judge or clerk of the court in which such bill shall have been filed shall make an order against the defendant requiring him to appear to the bill upon a day to be fixed by the order, not less than thirty nor more than fifty days from the time of the making of the order, if he

be stated therein to be a resident of the United States, and not less than fifty nor more than eighty days if he be stated to be a non-resident of the United States, or if his residence be stated as unknown. For the purpose of this action, the insular possessions of the United States shall be regarded as foreign countries.

2. Publication of Order.—The clerk shall have all orders of publication against an absent defendant, whether made by the judge or himself, published with as little delay as may be, in such newspaper as may be designated in the order, once a week, for four consecutive weeks, if the defendant be stated to be a resident of the United States; or if he be stated to be a non-resident of the United States, or if his residence be stated to be unknown, for eight consecutive weeks; he shall also, within twenty days of the making of the order, post a copy of the said order at the door of the court house of the country, and send by mail a copy to the defendant, if his residence be shown by the bill or affidavit.

The affidavit on which the constructive service was made states that: "affiant believes that Isabel L. Waring and R. D. Waring, the respondents, formerly resided at Orlando, Orange County, Florida; that prior to the date of the making of this affidavit the said respondents left said Orlando, Orange County, Florida, and their present residence is unknown to affiant, but affiant believes that said respondents are at the time of the making of this affidavit residents of the United States; that the ages of each of said respondents are unknown to affiant, but that affiant believes them each to be over the age of twenty-one years."

The order of publication of notice was dated June 3rd, 1922, and the defendants were required to appear on July 3rd, 1922, the publication being "once a week for four

consecutive weeks prior to the day of appearance fixed by the order.''

The question is should the appearance day have been ''not less than thirty nor more than fifty days from the time of making the order,'' with a publication ''once a week, for four consecutive weeks,'' or should the appearance day have been ''not less than fifty nor more than eighty days'' from the date of the order, with a publication ''for eight consecutive weeks.''

In Malone v. Lannin, decided at this term, the affidavit stated that affiant ''is informed and believes that the defendant, William J. Kindgen, is a resident of a State other than the State of Florida, and that the residence and address of said defendant as particularly as the same is known to affiant is 8 West 40th Street, City of New York, State of New York, and that there is no person in the State of Florida, service of subpoena upon whom would bind said defendant, William J. Kindgen, and that said defendant, William J. Kindgen, is over the age of twenty-one years.'' The publication in that case was for four weeks.

It was contended that the affidavit showed the residence of the defendant to be ''unknown'' to the affiant and that the publication should have been for eight weeks under the statute. It was held that the affidavit did not allege or show that the residence of the defendant was unknown to the affiant, but did show that affiant believed the defendant to be a resident of a State other than the State of Florida, the street and city residence and address of the defendant in a State of the United States being given ''as particularly as the same is known to affiant.'' Publication for four weeks was held to be a compliance with the statute in that case.

In this case the affidavit specifically states that the defendants' "present residence is unknown to affiant, but affiant believes that said respondents are at the time of making this affidavit residents of the United States," and no particular state or city is given as the residence or address of the defendants. This clearly implies that the defendants' "residence was unknown" to the affiant within the meaning of the statute; and the publication should have been "for eight consecutive weeks," and the appearance day should have been "not less than fifty nor more than eighty days" "from the time of the making of the order" for constructive service of notice by publication under the statute. See Ortell v. Ortell, 91 Fla. 50, 107 So. 442. As a consequence, the chain of title depending upon lawful constructive service of notice or process in the foreclosure proceedings, was defective and the bill for specific performance against the vendee was properly dismissed.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., concur in the opinion.