ARTIN BALAN, CHANNAS CHOBANIAN, AVAK AKQULIAN, POPAN MANANIAN, DICKSON JESASIAN AND JOHN CHOBANIAN, *Appellants*, v. THE WEKIWA RANCH, a Corporation, *Appellee*.

Division A.

Opinion filed February 13, 1929.

182

*Jas. G. Sharon, Wilson & Boyle* and *Jas. G. Sharon, Jr.*, for Appellants;

*Dickinson & Dickinson*, for Appellee.

ELLIS, J.—The Wekiwa Ranch, a Florida corporation, exhibited its bill in chancery against the appellants whose places of residence were alleged to be unknown to the com-

plainant. The bill is sworn to on information and belief by the agent and attorney for the complainant.

A few months after the bill was filed the president of the complainant corporation caused to be filed in the clerk's office his affidavit that the places of residence of the defendants, naming them, were unknown and that affiant had made diligent inquiry on complainant's behalf to ascertain the places of residence of the defendants; that there was no person in the State of Florida upon whom the service of a subpoena would bind the defendants or either of them, and that it was the affiant's belief that the defendants or either of them, and that it was the affiant's belief that the defendants were over the age of twenty-one years. The bill also alleges the same state of facts as to the non-existence of any person in Florida the service of a subpoena upon whom would bind the defendants and that they were over the age of twenty-one years.

On the 5th day of May, 1926, an order of publication was made against the defendants requiring them to appear on the first Monday in June, 1926, the same being the 7th day of the month, and make answer to the bill of complaint. The order was required to be published once a week for four consecutive weeks in the Sanford Herald, a newspaper published at Sanford. Proof of publication was filed showing that the order was published, as directed, in the Sanford Herald in the issues of May 6th, 13th, 20th, 27th and June 3, 1926.

The clerk's certificate that he posted a copy of the order of publication at the door of the court house for more than five weeks prior to the 7th day of June, 1926, and that he mailed copies of the order to the ''address of the defendants, as given in the affidavit of complainant, within 20 days from the making of said order,'' was also filed.

Two *praecipes* for a decree *pro confesso* against the de-

fendants were filed: one on July 5th and the other on June 7th. The first requested a *pro confesso* order for failure to appear and the second for "failure to appear, plead, answer or demur to said cause."

On June 7th the clerk entered the *pro confesso* order.

The defendants, on December 8, 1926, moved the court to set aside the order *pro confesso* and permit them to answer.

The grounds of the motion were that the affidavit of the president of the complainant corporation that the residence of the defendants was unknown was not true, that he did know the residence of defendants; that the allegation of the bill that their residence was unknown was untrue; that they had a complete and meritorious defense to the bill as shown by their answers which they tendered and that they were not lacking in diligence in submitting the motion.

It appears from the record that in October, 1927, the joint and several answer of the defendants was filed and that it had been sworn to in November, 1926.

In October, 1927, the chancellor denied the motion to set aside the decree *pro confesso*. And in March, 1928, the defendants appealed.

The bill of complaint is vague and uncertain in its allegations and contains no ground for equitable relief. It seems to rest upon a contract which the complainant had entered into with a Wisconsin corporation, known as The Masses Company, under which the complainant agreed to convey to it certain land in Seminole county; that the defendants are the stockholders, agents and officers of the company and that by a "subsequent arrangement" the lands in Seminole County were conveyed by the complainant to the defendants; that complainant was to assume a mortgage debt of $48,000.00 on certain hotel property in Racine, Wisconsin; that all of that sum had been or would be used in the construction of the hotel and that

complainant would get the entire benefit of it; that all of that sum was not used in the construction of the building but complainant had to expend three or four thousand dollars to complete it. It is alleged that in ''consideration of the premises there is due and remaining on the purchase price of said property the sum of approximate Eleven Thousand ($11,000.00) Dollars,'' for which the complainant should have a vendor's lien and which he prayed should be declared and enforced.

The alleged contract is not attached to the bill, although it is alleged that it was attached thereto and marked ''Complainant's Exhibit A and made a part thereof.''

The directions for making up the transcript required the clerk to copy the bill of complaint.

Whatever equities if any at all exist in the case must exist by virtue of the alleged contract, but as the contract is not before the Court there is nothing but the fragment of the bill of complaint which seems to rest complainant's prayer upon a breach of contract by somebody resulting in damages to complainant for which he has an adequate remedy at law.

The order requiring the defendants to appear, the publication of same in the newspaper and the clerk's certificate are all invalid and the court acquired no jurisdiction of the defendants to affect their interest in the property described.

The bill was filed in 1926. The complainant therefore in order to obtain substituted service or constructive service of the court's process against the defendants had to comply with the provisions of Sec. 3111, Rev. Gen. Stats., 1920. Compliance with the terms of the section entitled the complainant to an order of publication, See Chapter 10102, General Session, 1925, as amended by Chapter 11364, Extraordinary Session, 1925.

To entitle a complainant to an order of publication he or his agent or attorney should state in a sworn bill or affidavit that the defendant is a resident of a state or country other than the State of Florida. When so stated the defendant's place of residence must be specified as particularly as may be known to affiant or that his residence is unknown.

If, upon the other hand, the defendant is shown to be a resident of the State the complainant would be nevertheless entitled to his order if it appears from the sworn bill or affidavit that the defendant has been absent more than sixty days next preceding the application for the order of publication or that he conceals himself so that process cannot be served upon him. In either case it must appear that there is no person in the State the services of a subpoena upon whom would bind the defendant and it must also appear from the bill or affidavit that the affiant believes the defendant to be over or under twenty-one years of age or that his age is unknown.

The purpose of the statute was to facilitate the adjudication of the rights of absent defendants in and to real property located within the jurisdiction of the State. Absence from the State for sixty days, if the defendant is a resident, or his concealment to avoid process is within the purpose of the statute equivalent to non-residence.

Every fact should be shown which is necessary under the statute to give the right to an order for service by publication. Rue v. Quinn, 137 Cal. 651, 66 Pac. R. 216, 70 Pac. R. 732; Hannas v. Hannas, 110 Ill. 53; Carleton v. Carleton, 85 N. Y. 313; Wheeler v. Cobb, 75 N. C. 21; McDaniel v. McElvy, 91 Fla. 770, 108 So. R. 820.

The principle being, as announced by this Court speaking through Mr. Justice STRUM, that ''Resort to constructive service by publication is predicated upon necessity, and, if

personal service could be effected by the exercise of reasonable diligence, substituted service is unauthorized."

The purpose of the substituted service act is to provide reasonable notice to a non-resident, whose person the court cannot bring within the limits of the court's jurisdiction, of the pendency of litigation affecting real property within the court's jurisdiction to which the non-resident claims title.

Both the bill of complaint and the affidavit were defective in not alleging that the defendants were residents of a state or country other than the State of Florida, or being residents that they had been absent for more than sixty days or were concealing themselves to avoid service of process.

The complainant therefore was not entitled to an order of publication; not being entitled to it, the order, the publication of it and the clerk's certificate were ineffectual to confer jurisdiction for the purpose of the bill.

The order *pro confesso* should have been vacated.

Order appealed from is therefore reversed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.

STRUM, J., absent on account of illness.

---

STRUM, J.—This is an appeal from an order denying a motion to set aside a decree *pro confesso*.

The relief sought, and the chronological history of the suit, including the steps taken by complainant to effect constructive service of process upon the defendants, are set

forth in the original opinion filed herein (Balian v. Wekiwa Ranch, 120 So. R. 317), except the affidavit filed by complainant on May 5, 1926, upon which order of publication was issued, which affidavit is as follows:

State of Florida,
County of Orange.

Personally appeared before me the undersigned authority, W. F. Blackman, who being duly sworn deposes and says that he is President and agent of the Wekiwa Ranch, a corporation existing under the laws of the State of Florida, and complainant in the above stated cause; that the places of residence of Michael Kamakian, Artin Balian, Channas Chobanian, Avak Akqualian, Ropan Mananian, David Hadichiam, Margos Margosian, Dickson Jensasian, Kerkor Nalbamdian and Mike Chobanian, defendants in said suit, are unknown, and that diligent inquiry has been prosecuted by deponent for and on behalf of the said complainant to ascertain the same; and that there is no person in the State of Florida service of subpoena upon whom would bind the said defendants, or either of them, and that it is the belief of deponent that the defendants are over the age of twenty-one years.

W. F. BLACKMAN.

Sworn to and subscribed before me this, the 22nd day of April A. D., 1926.

ETHEL B. PORTER,
Notary Public.

(Notary Seal)

Constructive service upon the defendants was necessarily sought in this case pursuant to Sec. 3111, Rev. Gen. Stats. 1920, as modified by Chap. 10102, Acts of 1925, and Chap.

11364, Acts of Ex. Sess. 1925, now Secs. 4895 and 4896, Comp. Gen. Laws, 1927. (See Reynolds v. Harrison, 106 So. R. 909).

Complainant's affidavit as to the residence of the defendants, above set forth, is sufficient upon its face to authorize the issuance of an appropriate order of publication under Sec. 3111, *supra*.

Sec. 3111, *supra*, provides four alternative situations in which the complainant may have an order of publication to effect constructive service upon the classes of defendants therein referred to, namely, (1) "Whenever the complainant, his agent or attorney, shall state in a sworn bill or affidavit, duly filed, the belief of affiant that the defendand is a resident of a State or Country other than this State, specifying as particularly as may be known to affiant such resident, or (2) that his residence is unknown, or (3) that, if a resident, he has been absent for sixty days next preceding the application for the order of publication, and that there is no person in the State the service of a subpoena upon whom would bind such defendant, *or* (4) that he conceals himself so that the process can not be served upon him." (Italics supplied). Certain other statements are also required concerning the age of defendant, which are necessary with reference to all classes of defendants as above enumerated.

Each of the four alternative situations above mentioned, including that in which the affiant states that defendant's residence "is unknown", are set off in commas, and are separated by the disjunctive "or", indicating the legislative intent that each situation should furnish a distinct, independent and substantive basis for the issuance of an appropriate order of publication, other requirements of the Statute being complied with.

An examination of the history and structure of Sec.

3111, *supra*, as it stood for many years before being modi-
fied by the Acts of 1925, further strengthens the view of
the Statute just stated. The origin of the Statute is found
in the chancery procedure Act of November 7, 1828, which
appears on page 128, et seq., of Duval's Compilation of
1839. See Quigley v. Cremin, 113 So. R. 892. The Statute
was first enacted in substantially its present form by Chap.
3589, Acts of 1885. As there enacted, there can be no ques-
tion that the several circumstances under which com-
plainant was entitled to an order of publication were alter-
native and independent, for that Statute provided: "Sec-
tion 1: Where a defendant is shown by the affidavit of the
complainant to be in the belief or such affiant *either* a non-
resident of the State, or that his residence is unknown, or
if a resident that he has been absent from the State more
than six months next preceding the filing of the bill, or that
he conceals himself so that process can not be served upon
him   *   *   *'' etc., the order of publication may issue.
(Italics supplied.)

As that chapter was re-enacted in the Revised General
Statutes of 1892, being Section 1413 thereof, the word
"either" was omitted. It is plain, however, that the Legis-
lature intended the statute to remain in the alternative, not
only on account of the retention of the same punctuation
and the disjunction "or," but because in that re-enactment
the so-called long and short period of publication and return
day of the order were reintroduced into the statute. Under
the original chancery procedure Act of 1828, various
return days and periods of publication were prescribed,
depending upon the residence of defendant as stated in
complainant's affidavit. The Act of 1885 provided the
same return day and period of publication in all cases. The
re-enactment in 1892 returned to the varying periods of
publication, and varying return days, according to the res-

idence or whereabouts of the defendant as stated by the complainant in his affidavit. The latter propositions were also in the disjunctive, and related co-ordinately to the several alternative circumstances previously set out in the statute under which an order of publication might issue. Ever since the re-enactment of 1892, and as the statute has been utilized for years as the basis of adjudication of personal and property right, the diversity of return days and periods of publication, according to the residence of the defendant as stated in complainant's affidavit, have been preserved, until finally by the Acts of 1925 the period within which the return day was to be fixed, and the period of publication, were again made uniform and applicable to all cases. But from 1892 to 1925 the return day and the period of publication varied according to the residence of the defendant, and the sole basis for determining the length of publication and the return day of the order (within defined limits) was complanant's sworn statement as to the defendant's residence or whereabouts. If complainant's affidavit stated that he believed the defendant to be a resident of a place within the United States the return day was not less than thirty nor more than fifty days from the time of the making of the order of publication and the period of publication was four weeks; if defendant was stated to be a non-resident of the United States, or if his residence was stated to be unknown, the return day was not less than fifty nor more than eighty days, and the period of publication was eight weeks. By other statutes the return day and period of publication were fixed at other intervals where relief was sought against unknown defendants. See the statutes cited in Quigley v. Cremin, *supra*. The retention in the statute for so many years of the diversified return day and the period of publication is an additional and persuasive indication that the circumstances enu-

merated in the statute under which the complainant would be entitled to an order of publication are alternative, several and independent of each other. To construe the statute otherwise would inevitably lend to anomaly and uncertainty which will become apparent on brief reflection. If the statute be construed to require the complainant to state, not only that defendant's residence ''is unknown,'' but also that the defendant is a resident of a state or country other than the State of Florida, such construction would require affidavits of doubtful consistency. In Bullock v. Bailey, 94 Fla. 1051, 114 So. R. 776, wherein complainant's afidavit stated, amongst other things, that defendant's residence is unknown to affiant, but affiant believes that defendants are residents of the United States, it was held that such affidavit clearly implied that the defendant's residence was unknown to affiant within the meaning of the statute, so that the longer return day and period of publication were applicable. See also Orrel v. Ortel, 91 Fla. 50, 107 So. R. 442.

The qualifying phrase, ''specifying as particularly as may be known to affiant such resident,'' was first added to the statute in 1892. That phrase, however, obviously qualifies only the condition which precedes it, which is that under which affiant states his belief that the defendant is a resident of a state or country other than this State. It is apparent in such a case that complainant has at least some knowledge as to the place of defendant's residence, and he is required to state it as particularly as it may be known to him. See Ortel v. Ortel, *supra*. In that situation, defendant's residence is not altogether ''unknown'' to complainant, within the purport of the statute. To require complainant to make both statements as to the same defendant would be to require an antithetical statement under oath. Clearly, therefore, the qualifying phrase, ''specifying as

particularly as may be known to affiant such residence," does not apply to the situation wherein complainant states that complainant's residence "is unknown" to him. The punctuation and language of the statute, as well as the inconsistent results which would follow, repel the view that it would apply to the latter situation.

These considerations lead to the conclusion that under Section 3111, *supra,* complainant's sworn statement that defendant's residence "is unknown" is a sufficient and independent predicate for the issuance of an order of publication, other requirements of the statute having been complied with. Each of the other circumstances named in the statute as to defendant's residence or whereabouts are also alternative propositions. The construction placed upon the statute by Judge Jones in Blake v. Zittrouer, 1 Fed. (2nd) 496, is correct. That construction also accords with what was said by this Court in reference to Section 3111, in Broward Estates Corp. v. Chillingworth, 112 So. R. 64, text 66.

Affiant's mere arbitrary statement, however, as to the defendant's residence or whereabouts, or as to complainant's belief concerning the same, does not conclude the matter as against timely and appropriate attack. The statement must be truthful and free from *mala fides*. The basis for the statement must not be merely nebulous or fanciful, but one which is reasonably tangible or perceptible in fact. Resort to constructive service is predicated upon necessity, and if personal service could be effected by the exercise of reasonable diligence, constructive service is not justified. The sworn statement required of the complainant by the statute presupposes a previous reasonable search to ascertain the whereabouts or residence of the defendant, and diligence appropriate to the circumstances of the particular case, without which the requirements of due process would

not be satisfied, and the door would be open to the perpetration of fraud.

See the discussion of this proposition, and the test to be applied to complainant's diligence, found in McDaniel v. McElvy, 108 So. R. 820, text 831, 832, 834. See also Shrader v. Shrader, 36 Fla. 502, 18 So. R. 672; Lucy v. Deas, 59 Fla. 552, 52, So. R. 515; Gustasson v Sawyer, 118 So. R. 57.

Subject to the requirements of truth, good faith, and reasonable diligence, as hereinbefore alluded to, a sworn statement by the complanant, his agent or attorney, that defendant's residence "is unknown," coupled with the requisite additional sworn statement as to defendant's age, is a sufficient predicate for the issuance of an order of publication under Sec. 3111, *supra,* and satisfies in that respect the requirements of due process. See cases cited in McDaniel v. McElvy, 108 So. R. 820, text page 831, 832 and 833; and in Blake v. Zittrouer, 1 Fed. (2nd) 496, particularly American Line Co. v. Zeiss, 219 U. S. 47, 55 L. Ed. 82; North Laramie Land Co. v. Hoffman, 268 U. S. 276, 69 L. Ed. 953; Security Savings Bank v. State, 263 U. S. 2828, 68 L. Ed. 301, 31 A. L. R. 291; Arndt v. Griggs, 134 U. S. 316, 33 L. Ed. 918; Huling v. Kaw Valley, etc., Co., 130 U. S. 559, 32 L. Ed. 1045; Leigh v. Green, 193 U. S. 79, 48 L. Ed. 623.

The order appealed from should be reversed for the reason, as stated in the original opinion herein, that it contains no grounds for equitable relief. That is to say, the allegations of the bill are not sufficient to bring the subject matter thereof within the field of equitable cognizance and relief, which situation may be inquired into on appeal, even though the point has not been raised by the pleadings. See Trustees I. I. Fund Board v. Gleason, 39 Fla. 771, 23 So. R. 539; Florida East Coast Ry. v. Eno, 117 So. R. 710, 713; 21 C. J. 34 (11). What is said, however, in the former

opinion (120 So. R. 317) concerning the invalidity of the constructive process on account of supposed deficiencies in complainant's affidavit upon which the order of publication is based, is hereby modified to accord with what is said herein.

TERRELL, C. J., AND WHITFIELD AND BROWN, J. J., concur;

BUFORD, J., concurs specially.

BUFORD, J. (specially concurring) :

What may be termed a second opinion in this case was written to clarify the paragraph appearing in the original opinion in the following language:

> To entitle a complainant to an order of publication he or his agent or attorney should state in a sworn bill or affidavit that the defendant is a resident of a state or county other than the State of Florida. When so stated the defendant's place of residence must be specified as particularly as may be known to affiant or that his residence is unknown.

together with the statements contained in the succeeding three paragraphs which appear to be in conflict with the requirements of the law as anunciated in the opinion in the case of McDaniel v. McElvy 91 Fla. 770, 108 So. R. 820.

As I see it, the paragraphs of the original opinion in this case above referred to dealt with a question which was not presented in the court below and the inclusion thereof in the opinion was no more than *dicta*. The enunciation contained in McDaniel v. McElvy *supra*, in the following language:

> We do not regard the provisions of Chap. 11383 as requiring the complainant to allege the facts which sup-

port his sworn statement or allegation with reference to interested persons whose names and residences are unknown, or his lack of knowledge and his inability to ascertain whether the defendants are dead or alive, so long as such allegation strictly follow the statute. The allegations of paragraphs First and Ninth of the bill of complaint herein, taken together, are therefore sufficient to authorize the issuance of the order of publication. See Ballew v. Young, 103 Pac. R. 623; 23 L. R. A. (N. S.) 1084. The requirements of the statute referred to in Ortell v. Ortell, 91 Fla. 50; 107 So. R. 442, differ from those of the statute here considered.

But while allegations of a categorial nature which follow the words of the statute are sufficient as a predicate for the issuance of the order of publication, the chancellor is not thereby precluded from requiring appropriate proof of those allegations, as any other allegations, as a prerequisite to the entry of a decree. What and how much evidence the Court shall require to satisfy it upon the question of due diligence in these matters rests largely with the court granting the order. Extraordinary steps to ascertain the whereabouts of the party are not required. But judgments which exclude persons from any interest in or lien upon land should not be rendered without actual notice, when by the exercise of reasonable diligence actual notice can be given. Reasonable diligence in such matters is an honest effort, and one appropriate to the circumstances, to ascertain whether actual notice may be given, and if so to give it. Such effort, however, need not embrace a search in remote parts of the State, Jacob *y*. Roberts 223 U. S. 261, 56 L. Ed. 429; and it is not essential that all possible or conceivable means should be used. But the effort should usually extend to inquiry of persons likely or presumed to know the facts sought.

became the settled law in this State in regard to the matter therein decided and I think that we should adhere to the rules as there stated. I therefore concur in the opinion prepared for the Court by Mr. Justice STRUM.