EMILY RINGLING v. JOHN RINGLING.

158 So. 125.

Opinion Filed September 19, 1934.

Rehearing Denied November 21, 1934.

*Loftin, Stokes & Calkins,* for Appellant;

*Henry L. Williford* and *James E. Kirk,* for Appellee.

PER CURIAM.—This case is before us on motion to dismiss an appeal on the ground that the same is frivolous. The appeal is from an order overruling and denying motion to quash constructive service.

The affidavit for publication of constructive service was in the following language, to-wit:

"In the Circuit Court of the Twenty-Seventh Judicial Circuit Court of Florida, in and for Sarasota County. In Chancery.

"John Ringling, Plaintiff, v. Emily Ringling, Defendant.

## "DIVORCE

### "*Affidavit for Constructive Service*

"State of Florida,

"County of Sarasota.

"Before me, the undersigned authority, personally appeared JOHN RINGLING, who first being sworn, deposes and states that Emily Ringling, defendant in the above entitled cause is a resident of the State of Florida, and that the said Emily Ringling has been absent from the State of Florida for more than sixty days next preceding the application for the Order of Publication and that there is no person in the State of Florida the service of a subpoena upon whom would bind the said defendant. That the address of said Emily Ringling, as particularly as is known, or can be ascertained by Affiant, is 270 Park Avenue, New York City. That the affiant believes that the said defendant, Emily Ringling, is over the age of twenty-one years.

"JOHN RINGLING.

"Sworn and subscribed to before me, this 3rd day of March, A. D. 1934.

"Mable Harkleroade, Notary Public (*Seal*)."

The affidavit is sufficient to comply with the provisions of Section 3111 R. G. S., 4895 C. G. L. While the statute only requires the affidavit to allege the "belief" of the affiant that the defendant, being a resident of this State has been absent from the State for more than sixty days next prior to the date of the filing of such affidavit, and that there is no person in the State of Florida service of subpoena upon

whom would bind the defendant, the affidavit makes the allegation as a definite existing fact. This is certainly tantamount to alleging the belief of affiant as to such facts.

. The contention is that the service is invalid because, as a matter of fact, the defendant had been within the State of Florida within sixty days before the date of filing of the affidavit. This fact was established by proof in support of the motion to quash. The uncontradicted evidence, however, is that the plaintiff did not know this was a fact and that he verily believed the allegations of the affidavit to be true and that he made the same in good faith. We think this is all the statute requires.

. There is no contention that the defendant or anyone service of subpoena upon whom would bind the defendant was within the State of Florida at the time the affidavit was filed. If the defendant was beyond the territorial limits of Florida and there was no one in the State of Florida service of subpoena upon whom would bind the defendant and the other allegations contained in the affidavit were made in good faith and verily believed by affiant to be true at the time the affidavit was filed, there was no error in the order appealed from.

. Where it appears from an inspection of the record on a motion to dismiss an appeal on the ground that the same is frivolous that there is no error in the order from which appeal is taken, but it does not appear that the appeal is entirely frivolous the order will be then affirmed and the cause disposed of here.

. It is so ordered.

Affirmed.

. DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## On Petition for Rehearing.

Per Curiam.—A bill for divorce on grounds of extreme cruelty and habitual indulgence in violent and ungovernable temper towards complainant was brought in Sarasota County, on the west coast of Florida, by John Ringling against Emily Ringling, his wife. There was publication of constructive service on the defendant wife, who specially appeared and moved to quash the service of process. This appeal was taken from an order denying such motion to quash.

On March 3, 1934, complainant filed the affidavit upon which the publication of constructive service of process was made stating that "defendant * * * is a resident of the State of Florida, and that the said Emily Ringling has been absent from the State of Florida for more than sixty days next preceding the application for the order of publication, and that there is no person in the State of Florida, the service of a subpoena upon whom would bind the said defendant. That the address of said Emily Ringling, as particularly as is known, or can be ascertained by affiant, is 270 Park Avenue, New York City. That the affiant believes that the said defendant, Emily Ringling, is over the age of twenty-one years."

As stated in the former opinion herein, while the affidavit of complainant dated March 3, 1934, on which constructive service of process was published, stated positively that the "said Emily Ringling has been absent from the State of Florida for more than sixty days preceding the application for the order of publication," the statute only requires a statement of "the belief of the affiant" that the defendant had been so absent from the State. Consequently it was necessary to prove only reasonable grounds for the belief of the affiant as to the stated fact. When the sufficiency of the affidavit is duly challenged, the statement as to the

belief of the affiant must be shown to "be truthful, free from *mala fides,* and based on something tangible or perceptible in fact, and not merely nebulous or fanciful." See Balian v. The Wekiwa Ranch, 97 Fla. 180, 122 So. 559, and on rehearing, pages 189-93, *et seq.*

"While allegations of a categorical nature which follow the words of the statute are sufficient as a predicate for the issuance of the order of publication, the chancellor is not thereby precluded from requiring appropriate proof of those allegations, as any other allegations, as a prerequisite to the entry of a decree. What and how much evidence the court shall require to satisfy it upon the question of due diligence in these matters rests largely with the court granting the order. Extraordinary steps to ascertain the whereabouts of the party are not required. But judgments should not be rendered without actual notice, when by the exercise of reasonable diligence actual notice can be given. Reasonable diligence in such matters is an honest effort, and one appropriate to the circumstance, to ascertain whether actual notice may be given, and, if so, to give it. Such effort, however, need not embrace a search in remote parts of the State (Jacobs v. Roberts, 223 U. S. 261, 32 S. Ct. 303, 56 L. Ed. 429) ; and it is not essential that all possible or conceivable means should be used." McDaniel v. McElvy, 91 Fla. 770, 108 So. 820.

Grounds of the motion to quash the constructive service are:

"1. The affidavit of the plaintiff filed herein on the 3rd day of March, 1934, on which the order of publication was made by the clerk of said court requiring this defendant to appear on the 4th day of April, 1934, to the bill for divorce filed herein, is untrue, in the particular wherein it is stated that this defendant has been absent from the State of

Florida for more than sixty days next preceding the application for the order of publication therein.

"2. The defendant was not absent from the State of Florida for more than sixty days next preceding the plaintiff's application for the order of publication requiring the defendant to appear to the bill herein on the 4th day of April, 1934, and was not absent from the State of Florida for more than sixty days next preceding the making of the affidavit by the plaintiff upon which was entered by the clerk the order requiring the defendant to appear herein to the bill.

"3. The defendant was in the State of Florida during the month of February, 1934, and so remained in the State of Florida until the early part of March, 1934; and said plaintiff knew, at the time he made and filed in said cause said affidavit for constructive service on May 3, 1934, that said defendant was in the State of Florida in the months of February and March, 1934."

In support of the motion an affidavit of defendant was filed stating:

"Emily Ringling, being duly sworn, deposes and says: That I am the defendant in the above captioned matter, and am the wife of John Ringling, the plaintiff herein.

"On Wednesday, the 21st day of February, 1934, I was in the State of Florida, more specifically at the Ponce de Leon Hotel in St. Augusta. On February 24th, 1934, I went to Miami Beach, where I stopped with friends at their home. On Tuesday, February 27th, 1934, I stopped at the Everglades Hotel, Palm Beach, and shortly thereafter, returned to New York City."

Evidence was adduced to show that defendant was at the Everglades Club Hotel at Palm Beach on the east coast of Florida, February 27 to March 2, 1934. A letter of the de-

-fendant wife to the complainant headed Tuesday" was post-marked and addressed as follows:

> "Wall St. Sta. N. Y.   U. S. Postage
> Feb. 21            Stamp
> 11 ÷ AM
> 1934

> "Mr. John Ringling
> "Sarasota
> "Florida."

The 21st of February was Tuesday.

Complainant's testimony included the following:

"Q. In this case Mrs. Ringling has filed an affidavit to the effect that she was in the State of Florida on the 21st day of February, 1934, and thereafter until the latter part of February, 1934. Please state whether or not at that time or at any of those times prior to March 3, 1934, you knew that Mrs. Ringling was in the State of Florida? A. I did not.

"Q. Please state when you last saw Mrs. Ringling prior to March 3, 1934? A. In December. Q. Where did you leave her? A. In New York. Q. Where was she then staying? A. At my apartment in New York. A. State when you first learned that Mrs. Ringling had been in Florida during the period from January 3, 1934, to March 3, 1934? A. It was the night we filed the suit here. Q. How did you learn it? A. She called me on the phone and said she read it in the New York evening paper. Q. Was she in New York at the time? A. Yes sir. Q. State what she said at that conversation? Did she then inform you that she had been in Florida? A. Yes, she said she returned that day. Q. State whether you said anything to her in that

conversation with reference to why she did not get in touch with you while she was in Florida? A. Yes, sir, I did. Q. What was her answer? A. She said she was afraid I would serve her. Q. State whether or not you had had any previous phone conversations with her during that period? A. Yes, I think I did. Q. Were all of those phone conversations had with you while you were in Sarasota and her in New York? A. Yes sir. * * * Q. State whether or not during the period from January 3, 1934, to March 3, 1934, you at any time even suspected your wife might be in the State of Florida? A. No, I didn't. If I had known she was here I would have served her. Q. You would have served her personally? A. Yes sir."

The evidence justified a finding that the complainant acted in good faith and upon reasonable predicates in making the affidavit which in legal effect is that it was "the belief of the affiant" that the defendant had "been absent from the State of Florida for more than sixty days preceding the application for the order of publication."

The object of the publication of process is to notify the defendant of the pending suit against her; and the evidence indicates that she was in New York and knew of the suit the night of the day the suit was filed, March 3, 1934. Her presence in east Florida the latter part of February and till March 2, 1934, when her husband was at his home on the west coast of Florida, is no indication that he knew of it; and he testified without contradiction that had he known she was in Florida, he would have had her served with process.

The evidence tends to show the defendant anticipated a suit against her and did not want to be served with process in Florida, so she did not advise her husband of her presence

in Florida but on the opposite side of the State from her husband's home.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BU-FORD, J. J., concur.