JOHN D. KENNEDY, *et ux.*, FRED PULESTON, *et ux.*, JOHN
LYON, *et ux.*, KING W. SPENCER and ELVIRA L. SPENCER;
ROBERT HENRY KENNEDY, *et ux.*, HENRY NEUHOFF,
RHODA J. BUTLER, CITY OF DAYTONA BEACH, and BELLE
MEAD DEVELOPMENT CORPORATION, v. SEVILLE HOLDING
COMPANY.

169 So. 860.
Division B.
Opinion Filed October 12, 1936.
Rehearing Denied November 20, 1936.

*Ray Selden,* for Appellants;
*Leon J. C. Harton,* for Appellee.

PER CURIAM.—This appeal is from a final decree dated
December 10, 1934, and a decree denying a motion to quash
the service dated December 12, 1934, in a suit to foreclose
a tax deed in which appellee was complainant and appellants
were defendants in the court below.

The only question necessary to be answered is whether
or not constructive service on the defendants was obtained
as required by law.

Summons in chancery was issued when the bill was filed
and duly served on the defendant, City of Daytona Beach.
As to all other defendants, the return to the summons

stated that diligent search had been made and none of them could be found in Volusia County.

Thereafter an affidavit for order of publication was filed wherein Welborn C. Phillips, being duly sworn, said that it was his belief that the residence of defendants, John D. Kennedy, Loraine Lovelace Kennedy, his wife, Fred Puleston, Ruby J. Puleston, his wife, John Lyon and Alice Lyon, his wife, King W. Spencer, Elvira L. Spencer, Robert Henry Kennedy, Elizabeth Kennedy, his wife, Henry Neuhoff, and Rhoda J. Butler, was unknown, that there was no person in the State of Florida upon whom the service of subpoena would bind said defendants or any of them and that he believed the age of each of them was over twenty-one years.

The defendant, City of Daytona Beach, filed its answer in which it set up its authority to levy and collect taxes and alleged that various and sundry municipal taxes were due it on the land covered by the tax deed being foreclosed. It prayed that its tax liens be decreed to be of equal dignity with the claim of appellee. A decree *pro confesso* was entered against the other named defendants.

On September 1, 1934, order of publication and proof thereof was filed and properly entered including the clerk's certificate of posting at the Court House door. A special master was appointed, testimony was taken, on December 10, 1934, a decree of sale was entered, and on February 18, 1935, the master's report of sale was filed and confirmed by the chancellor.

March 19, 1935, the defendant, John D. Kennedy, filed his motion to quash the service and set aside the order of publication on the ground that there was an utter lack of diligence on the part of the complainant to ascertain the residence of John D. Kennedy. Testimony was taken on

this motion and on due consideration it was overruled by the chancellor from the final decree and the order overruling the motion to quash the service, appeal was prosecuted to this Court.

The sufficiency of the affidavit, the order of publication, the clerk's certificate, and the manner of publication, are not challenged. The alleged lack of jurisdiction is predicated solely on the ground that due diligence was not exercised in locating the residence of John D. Kennedy.

In the final decree or the decree of sale the chancellor specifically found that he had "jurisdiction of the subject matter and of the parties." In denying the motion to quash the chancellor took the testimony and on consideration thereof and the pleadings found "that the plaintiff, Seville Holding Company, a corporation, exercised all the reasonable diligence that an ordinary business person would use in trying to ascertain the address of the defendant, John D. Kennedy." The evidence has been examined and amply supports the chancellor's finding. It further shows that John D. Kennedy was a resident of Detroit, Michigan, and the sheriff's return on the summons in chancery shows that diligent search was made for him and that he could not be located in Volusia County.

Both the record in the cause and the recitals in the judgment show that the chancellor had jurisdiction of the subject matter and the parties. This is ample to sustain the judgment against a collateral attack. Kroier v. Kroier, 95 Fla. 865, 116 So. 652; Balian v. Wekiwa Ranch, 97 Fla. 180, 122 So. 559.

We, therefore, conclude that the service was sufficient so the judgment below is affirmed.

Affirmed.

Ellis, P. J., and Terrell and Buford, J. J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.