FREDERICK LEON MILLS, HERBERT STEPHEN MILLS, HAYDEN ROBERT MILLS, and RALPH JOSEPH MILLS,

v. SHIPP & HEAD, INC.

171 So. 535.

Division A.

Opinion Filed December 11, 1936.

Rehearing Denied January 12, 1937.

*Shutts & Bowen* and *Charles A. Carroll,* for Appellants; *W. H. Burwell* and *Shipp, Evans & Kline,* for Appellee.

496

Davis, J.—This is a special and limited appeal in chancery taken by four non-resident defendants from an order of the Circuit Court of Dade County denying appellant's motion to quash service by publication on them and to vacate the order of publication. See: Rorick v. Stilwell, 101 Fla. 4, 133 Sou. Rep. 609.

The suit is one in which certain individuals, namely, Frederick Leon Mills, Herbert Stephen Mills, Hayden Robert Mills and Ralph Joseph Mills, residents of Cook County, Illinois, were joined as defendants in a suit instituted in the court below principally against a Florida corporation—Mills Development Corporation, as the chief object of the relief prayed for.

At the time of the institution of the suit an order for publication was entered based on an affidavit appended to the bill. Within the time required for publication of the order of constructive service, the individual defendants (appellants here) filed their special appearance and motion to quash the order of publication and to quash the attempted service. The motion was supported by proofs in the form of affidavits to which counter affidavits were filed by complainant below. After the Chancellor denied the motion by which appellants attacked the jurisdiction of the Court over their persons, appellants filed no appearance or pleading in the cause, but did take this special appeal and gave supersedeas bond to make the same effective as a stay of the proceedings below. A companion appeal in the same case by the co-defendant corporation has been considered and decided in connection with the disposition of this appeal. The opinion in the companion appeals sets forth the exact nature of the controversy. See: Mills Development Corp. v. Shipp & Head, Inc., 126 Fla. 490, 171 Sou. Rep. 533.

The suit in which the constructive service order was applied for is one of equitable cognizance as we have held on the appeal sued out by Mills Development Corporation in the companion case just cited.

Where the bill is one of equitable cognizance and seeks equitable relief affecting a Florida corporation as defendant, with reference to its transactions and affairs or corporate property rights and interests situate in this State, an order for constructive service of process will lie against the corporate officers named in the same suit as co-defendants in order to bind them with respect to what may be decreed against the corporation pursuant to the equity of the bill, the privity of the corporate officers with the corporation being sufficient to establish their privity with the corporate *res* which is the subject matter of the suit and therefore a sufficient predicate to support an order for constructive service of process against such corporate officers when they are shown to be nonresidents and incapable of being served otherwise. See: Broward Estates Corp. v. Chillingworth, 93 Fla. 366, 112 Sou. Rep. 64; Rome Ins. Co. v. Corbett, 66 Fla. 438, 63 Sou. Rep. 833. The holding in Balian v. The Wekiwa Ranch, 97 Fla. 180, 122 Sou. Rep. 559, is not in conflict with this view because one of the objects of the bill here brought is to establish the status of complainants below as equitable owners of 49% of the stock of the corporate defendant—Mills Development Corporation, with which the individual defendants, as officers and stockholders are shown to be in privity under the facts alleged in the bill.

The proceedings for constructive service as shown by the record have been examined and have been found to accord with the constructive service statutes. Sections 4895-4896 C. G. L., 3111 R. G. S., Chapter 11364, Acts 1925, Extra Session. It is no valid objection to an order of publica-

498

tion that the same requires the designated defendant to appear "on or before" the date named therein as the precise return day.

Affirmed and remanded with directions to fix a day for further reply or answer on the part of appellants.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—I do not understand that the opinion in this case deals with the question of the character or extent of the relief which may finally be granted. It is therefore not to be considered as intending to overrule or conflict with our former decisions holding that a judgment strictly *in personam* against a nonresident cannot be based upon mere constructive service by publication, which was the holding also of the Federal Supreme Court in Pennoyer v. Neff, 95 U. S. 679, 24 L. Ed. 565. In this connection, see Goodrich v. Thompson, 96 Fla. 327, 118 So. 60; Rorick v. Stillwell, *supra,* and Balian v. Wekiwa Ranch, 97 Fla. 180, 122 So. 559.