MILLS DEVELOPMENT CORPORATION v. SHIPP & HEAD, INC., FREDERICK LEON MILLS, HERBERT STEPHEN MILLS, and RALPH JOSEPH MILLS.

183 So. 189.
Opinion Filed July 8, 1938.

*Shutts & Bowen, Crate D. Bowen, L. S. Julian, Mullen & Shea* (Washington, D. C.), and *Waller & Meginniss,* for Appellant;

*Shipp, Evans & Kline* and *W. H. Burwell,* for Appellees.

PER CURIAM.—The facts in this case are not stated here because they are fully set out in Mills, *et al.,* v. Shipp & Head, Inc., 126 Fla. 490, 171 So. 535, and second appeal, same title, 126 Fla. 495, 171 So. 535.

The second appeal was special and limited to an interlocutory decree denying Appellant's motion to quash the service by publication on defendants and to vacate said order of publication. We affirmed the decree below and held the service by publication sufficient.

The first appeal was from a decree denying a motion to dismiss the bill of complaint. We held that the bill con-

tained equity and that if its allegations were proven, the corporation, appellant in this case, was in possession of assets which were acquired by it solely as the result of a preliminary joint adventure entered upon by the parties defendant who agreed to create such a corporation as a part of the larger scheme which was intended to be merged into and carried out under the corporate form and by its instrumentality.

We accordingly affirmed the decree of the chancellor and remanded the cause for further proceedings. When the mandate went down, a decree *pro confesso* was permitted to be entered against the individuals personally who composed the corporation. An answer was filed by the corporation defendant, testimony was taken, and on final hearing, the Chancellor found for the complainants and entered judgment against the defendants. The instant appeal is from this finding and decree.

In fine, the decree appealed from held that the bill of complaint alleged a joint adventure to have been entered into between the parties hereto, that the individual defendants confessed to the joint adventure as alleged and that such finding was supported and proven by the evidence. So in reality, we are confronted here with the sole question of whether or not in the light of the evidence, the Chancellor abused his discretion in so holding.

Appellant states and argues eight questions to avoid the final decree appealed from. It is contended that notwithstanding the final decree levied against it, the pleadings and the evidence when carefully examined show conclusively that no contract or joint adventure was entered into by the parties or that if entered into, the written agreement pertaining to the joint adventure which was subsequently entered into amounted to a merger or novation of all prior undertakings, that the record in fact does not show that

both parties actually intended to enter a joint adventure, that it is nowhere shown that both parties intended to share the costs and the profits of the joint adventure and that it is not shown that each party thereto had equal authority and right to bind the other, all of which are essential to a joint adventure.

From this contention, it will be seen that the primary question raised was whether or not a joint adventure between the parties hereto was undertaken. If the Mills brothers and appellee actually undertook the joint adventure as alleged, the corporation, Appellant, was nothing more than the agent of Mills Brothers and is estopped to raise any question of parties as well as some of the other questions presented.

We have examined the contentions of Appellant carefully and find no reversible error in the decree appealed from. To discuss them all would require a long opinion that would serve no useful purpose, since the law of the case was settled in the former appeals referred to herein. It may be admitted that isolated portions of the evidence if taken alone would appear to support Appellant's contention but an examination of the entire record reveals ample support for the Chancellor's decree and we must decline to disturb it since the assault on it is highly technical and a reversal would be merely the substitution of our judgment for the Chancellor's which we are not warranted in doing on the showing made.

The bill of complaint as we previously held contains equity and the evidence supports the Chancellor's finding and decree. In their last analysis, the questions argued on appeal take issue with the finding of the Chancellor but careful examination fails to show reversible error.

Affirmed.

.ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

CHAPMAN, J., dissents.