L. A. Davis, Jr. and D. E. Knight v. W. P. Brewer.

186 So. 207.
Opinion Filed January 4, 1939.
Rehearing Denied February 8, 1939.

H. V. Knight, for Appellants;

Williams & Williams, for Appellee.

Buford, J.—The appeal brings for review an order denying motion to vacate decree *pro confesso,* a final decree and an order confirming sale, which order and decrees were entered in a tax certificate foreclosure proceeding wherein service of process was attempted by publication.

The affidavit upon which construction service of process was predicated was as follows:

"In the Circuit Court of the Twenty-Seventh Judicial Circuit of Florida in and for Sarasota County in Chancery.

"Foreclosure of Tax Sales Certificates.

"W. P. Brewer, Complainant, versus L. A. Davis, Jr., and if married ............... Davis, his wife; D. E. Knight ard if married ............ Knight, his wife, and The Atlantic National Bank of Jacksonville, a Corporation of Florida, Defendants.

"Affidavit.

"Before me, the undersigned authority, personally appeared W. P. Brewer, who being by me first duly sworn on oath says: That he is the complainant in the foregoing cause. That the residences of the defendants L. A. Davis, Jr. and if married ............ Davis, his wife, are to complainant unknown.

"That the residences of the defendants D. E. Knight and if married, ............ Knight, his wife, are to complainant unknown.

"That it is his belief that each of said defendants L. A. Davis, Jr., and ............ Davis, his wife, and D. E. Knight and ............ Knight, his wife, are over the age of twenty-one years.

"(Signed) W. P. Brewer.

"Subscribed and sworn to before me on this the 9th day of November A. D. 1931.

"(Signed) F. J. Francke,
"Notary Public State of Florida at large.
"(Official Seal)

"My commission expires:
"Notary Public, State of Florida at Large. 'My commission expires November 11, 1931."

Under the law stated in Balian, *et al.,* v. The Wekiwa Ranch, 97 Fla. 180, 122 Sou. 559, the affidavit herein was sufficient to constitute basis for publication of notice to effect constructive service.

It, therefore, appears that the Court acquired jurisdiction and for that reason the decrees and order were not void.

If the affidavit was a legal fraud on the court then the decrees and order may have been voidable.

It appears from the record that appellants acted promptly when they discovered that the property had been sold under a decree of foreclosure several years prior to their acquiring such knowledge.

The original bill of complaint contains the following allegations:

"Complainant is the legal owner and holder of tax certificate No. 3120 issued by the tax collector of Sarasota County, Florida, for unpaid taxes for the year nineteen hundred twenty-seven (1927) against and encumbering the following described property, located and being situate in Sarasota County, Florida, and being more particularly described as follows: Lots 7 and 8 of Stehn & Theodore Subdivision, being in Section 1, Township 36 South, Range 17 East, according to plat recorded in the Public Records of Manatee County, Florida, copy of said certificate being attached to this Bill of Complaint and for the purpose of identification marked Exhibit 'A.' " * * *

"That the defendants, L. A. Davis, Jr., and D. E. Knight are the record owners and holders of the title to the land described above and covered by said tax certificate No. 3120 herein sought to be foreclosed. That the interest, right and lien of said defendants L. A. Davis Jr. and D. E. Knight are subject to and subordinate and inferior to those of the Complainant.

"10. The defendants _____ Davis, the wife of L. A. Davis, Jr., if married, and _____ Knight, the wife of D E. Knight, if married, claim to have some inchoate dower right and interest in and to said property described herein, which right and interest is subject to, subordinate and inferior to the lien of your Complainant."

The record shows that the notice of record title was contained in a deed duly recorded in the public records of Sarasota County which described the parties thereto as follows:

"THIS INDENTURE, made this first day of January, A. D. 1925, between W. H. Stephens and his wife, Pauline J. Stephens of the County of Sarasota and State of Florida, parties of the first part, and L. A. Davis, Jr., and D. E. Knight of the County of Bradford and State of Florida, parties of the second part,".

The record, therefore, shows that when the affidavit for constructive service was made the affiant had notice, by the contents of the very record upon which he averred that the defendants Knight and Davis were the record owners of the property,—that the defendants Knight and Davis were residents of Bradford County. A record of deed is constructive notice of what appears on its face. Charles v. Roxana Petroleum Corp., 282 Fed. 983—*certiorari* denied (1923) 43 S. Ct. 361, 261 U. S. 614; 67 L. Ed. 827. See also Sapp v. Warner, 105 Fla. 245, 141 So. 124.

The courts may take judicial cognizance that Bradford County is a small, sparsely settled county. The record shows that the defendants were well known by the officers and citizens of Bradford County at the time of the making of the affidavit. It shows that any casual inquiry in Bradford County as to the identity of Knight and Davis would have resulted in definite information showing necessity for per-

sonal service of process. But affiant made no inquiry in Bradford County. He closed his eyes to the information contained in the deed of which the pleadings show he had notice and, without making any reasonable effort to locate the defendants, procured publication of notice in substitution of personal service of process.

Under the rule stated and promulgated in the case of Smetal Corp. v. West Lake Investment Co., 126 Fla. 595, 172 Sou. 58, we must hold that as between the parties the decrees and orders were voidable because of the legal fraud perpetrated on the court and the defendants in the procuring of constructive service by publication and, as no equities of third parties have intervened, such decree and orders should be vacated and the defendants be allowed to come in and either discharge the alleged lien or defend the suit as they may be advised.

The order appealed from is reversed and the cause remanded for further proceedings.

So ordered.

Reversed and remanded.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

CHAPMAN, J. (concurring)—Several volumes of the Acts of the Florida Legislature show that D. E. Knight was a member of the House of Representatives and the Florida State Senate representing Bradford County. He has appeared at the bar of this Court as Counsel for litigant in many cases for more than a quarter of a century. The Knight family has resided in Bradford County something like seventy-five years. I concur in the opinion of Mr. Justice BUFORD.