**TOBIN v. TOBIN.**
No. 61 C 353.

Circuit Court, Dade County.
February 18, 1961.

Achor & Massey, Miami, for plaintiff.

Arthur J. Franza, Hollywood, and Vincent C. Giblin of Sibley, Grusmark, Barkdull & King, Miami Beach, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This is a suit for divorce initiated in Dade County against a resident of Broward County. Jurisdiction of this court (insofar as it relates to the person of the defendant) is sought to be invoked by publication pursuant to the provisions of §48.04, Florida Statutes. The necessary affidavit required by that section, as well as the "good faith affidavit" required by §46.01, are included in the court file.

Thereafter, by timely motions, to be hereafter detailed, the defendant in substance challenged the court's jurisdiction and additionally claimed that venue in Dade County was improper.

On February 17, 1961, pursuant to notice covering all pending motions, the aforementioned motions (as well as several other motions relating to incidental skirmishes not unusual to this type proceeding) came on to be heard by the court.

Inasmuch as "jurisdiction" is the *sine qua non* to any action taken by the court, consideration is first given to defendant's "motion to quash attempted service of constructive process" which challenges the court's jurisdiction of defendant's person.

The sole ground of the motion is that the sworn statement (upon which the attempted service is predicated) asserting — "that the defendant 'conceals himself so that process cannot be personally served upon him,' . . . is sham and false." Having thus challenged the sufficiency of the affidavit, it was necessary for the plaintiff to show that the belief of the affiant was " 'truthful, free from mala fides, and based upon something tangible or perceptible in fact, and not merely nebulous or fanciful.' " Ringling v. Ringling, 117 Fla. 423, 158 So. 125, 126 (quoting from other authorities). Reasonable diligence in such matters is "an honest effort, and one appropriate to the circumstances . . ." Ringling v. Ringling, supra. See also 25 Fla. Jur., Process, §34, et seq.

The court is satisfied from the evidence adduced that the affidavit in question more than satisfied the requisite judicial standards. In fact, except for positive personal knowledge as to the defendant's precise whereabouts (which is not necessary), it would be difficult to reach any conclusion other than that reached by affiant, even assuming arguendo such conclusion to be in error.

Some argument is advanced that affiant should have inquired as to defendant's whereabouts by calling his Dade County attorneys (which admittedly was not done) prior to making the affidavit in question. The court knows of no such requirement and the circumstances here would not seem to even warrant such inquiry in light of the response (according to the undisputed testimony) received by affiant from inquiry made of defendant's Broward County attorney.

The court, therefore, finds that the affidavit in question was "free from mala fides;" that affiant based his affidavit upon matters "tangible or perceptible in fact, and not merely nebulous or fanciful;" and his affidavit was based upon an honest (and apparently expensive) effort appropriate to the circumstances. That affiant might have done more or assuming that, notwithstanding his effort, his conclusion was in error, is beside the point and of no legal import.

The necessary concomitant of the above findings is that the defendant's challenge to the court's jurisdiction must fail and his motion to quash must, as it will, be denied.

Having determined that it has jurisdiction the court turns next to the matter of venue, appropriately and classically raised by motion. Rule 1.11(b), F.R.C.P. Here, further characterized as a motion to strike and dismiss for the apparent purpose of invoking rule 1.14 F.R.C.P. and the opportunity to present evidence afforded by that rule.

An analysis of the evidence presented in light of the applicable venue statute (§46.01, F. S.) leads the court to the conclusion that venue in Dade County, if challenged as it is here, is improper. In fact, affiant's "good faith affidavit" filed pursuant to §46.01, contains averments which point to this conclusion and his testimony expanding thereon, which the court believes, adds additional support. Any remaining doubt by the court was removed by an examination of the averments sworn to by the plaintiff in a separate maintenance action brought by her (through other counsel) in Dade County less than three months prior to the filing of this suit (defendant's exhibit no. 1, admitted in evidence without objection).

In this connection, however, it should be noted that dismissal is no longer the necessary remedy where venue is successfully challenged. By recent legislative enactment, chapter 59-300, Session Laws of Florida, 1959 (now §53.17, F. S.) a cause may be transferred "to the proper court in any county or district of this state

where it might have been brought in accordance with the venue statutes of this state." As authorized thereby, this cause should, as it will, be transferred to the circuit court of the fifteenth judicial circuit in and for Broward County. Of course, it should be understood that nothing herein is intended to deprive the plaintiff of the opportunity to voluntarily dismiss the cause if she should be so inclined.

In light of the foregoing rulings it would seem that the remaining pending matters are in all likelihood moot. However, whether moot or not, the court is of the opinion that all further proceedings should be halted pending the effective transfer of this cause to, and acceptance by, the Broward County circuit court.

It is accordingly ordered, as follows —

Defendant's "motion to quash attempted service of constructive process" is denied.

In view of defendant's motion successfully challenging venue in Dade County, this cause is transferred, effecive 5 P.M., February 21, 1961, to the circuit court of the fifteenth judicial circuit in and for Broward County. This action, however, is without prejudice to plaintiff's right to voluntarily dismiss if she is so inclined, which action must be taken prior to the effective time of the transfer if the dismissal order is to be entered by this court.

Any and all further action in this proceeding, including (but not limited to) the taking of depositions, except those steps necessary to implement the transfer or incident to appellate review (if such review be sought), are stayed until such time as the transfer has been completed.