HORTON, Judge.
Appellees Alexander instituted and prosecuted to a final decree the foreclosure of a mortgage given by appellant on real property located in Dade County, Florida. Personal service of process upon the appellant was attempted but returned unexe-cuted by the sheriff of Dade County because “after diligent search and inquiry failed to find said defendant in Dade County, Florida.” Sixteen days following the aforesaid return of the sheriff, appellees’ counsel filed in the cause “affidavit for notice by publication” alleging under oath that diligent search and inquiry had been made to determine the residence of appellant and “that such search and inquiry have revealed that the last known residence address of said defendant was 7750 S. W. 114th Street, Kendall, Florida.” The affidavit concluded by alleging that service of summons could not be effected upon the appellant and the belief that she was not in the military service. Upon the basis of this affidavit a notice by publication was directed to the appellant describing her residence as “unknown”.
Following the entry of the final decree of foreclosure, but prior to the sale directed by the court in its decree, the appellant, through her counsel, moved the court to vacate the decree pro confesso entered upon the aforesaid constructive service as well as the final decree and to quash the service by publication. This motion was denied. A subsequent petition for rehearing was granted, the rehearing conducted, but the court adhered to its original decrees. An appeal has been taken from the final decree as well as the order denying motion to vacate.and the order denying petition for rehearing. We reverse.
Section 48.03, Fla.Stat., F.S.A., sets out that a sworn statement is a condition precedent to service by publication, and § 48.04, Fla.Stat., F.S.A., delineates the allegations that must be contained in such sworn statement. Of particular applicability to the case at bar is § 48.04(3) (c) (i) and (ii).
The Supreme Court of this state on numerous occasions has held that every fact should be shown which is necessary under the statute to give the right to an order for service by publication.[1] In the case of Gribbel v. Henderson, 151 Fla. 712, 10 So. 2d 734, the same court, in commenting on the essentials necessary to authorize process by publication, said:
“If there is a total want of evidence of any fact, the existence of which is by statute made essential to authorize service of process by publication, there ■ is nothing on which the court is authorized to act and it acquires no jurisdiction to make the order.”
*524 Such was the case here. There was a total failure to allege essential requirements of the statute, and consequently, any decree rendered on the basis of such purported service was and is void.
Accordingly, the order denying the motion to vacate and quash service by publication, as well as the final decree and the decree pro confesso, are each separately and severally reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.

. Balan v. Wekiwa Ranch, 97 Fla. 180, 122 So. 559; McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731.